Karen S. REYNOLDS,
Plaintiff-Appellant,

v.

ARMY AND AIR FORCE EXCHANGE
SERVICE, Defendant-Appellee.

No. 88–1050.

United States Court of Appeals,
Federal Circuit.

May 16, 1988.

Richard B. Thomas, Thomas Law Firm, Minot, N.D., submitted for plaintiff-appellant. With him on the brief was Lynn C. Jordheim, Asst. U.S. Atty., Bismarck, N.D.

John E. Kosloske, Commercial Litigation Branch, Dept. of Justice, Washington, D.C., submitted for defendant-appellee. With him on the brief were Richard K. Willard, Asst. Atty. Gen., David M. Cohen, Director and Thomas W. Petersen, Asst. Director. Also on the brief were Thomas L. Strand, Lt. Colonel, USAF and C.W. Russell, Jr., Lt. Colonel, USAFR, Office of The Judge Advocate General, of counsel.

Before SMITH, BISSELL, and ARCHER, Circuit Judges.

BISSELL, Circuit Judge.

Karen S. Reynolds appeals from a judgment of the United States District Court for the District of North Dakota, No. A4–86–125 (June 30, 1987), granting the motion of the United States to dismiss for lack of subject matter jurisdiction. We vacate and remand.

## BACKGROUND

Reynolds is an employee of the Army and Air Force Exchange Service (AAFES), a nonappropriated fund instrumentality of the United States government. Reynolds occupied the position of retail manager of the Air Base Exchange in Minot, North Dakota. In early 1985, the general manager of the North Central Army Exchange issued to Reynolds an advance notice of proposed separation from AAFES for falsifying price change vouchers, merchandise-in-transit schedules, attendance schedules, and for allowing and encouraging her subordinates to use compensation time instead of overtime. After Reynolds responded in writing to the proposed adverse action, the

final notice of separation for cause issued, effective on April 30, 1985.

Pursuant to Chapter 3 of the Exchange Service Personnel Policies (ESPP), Army Regulation No. 60–21/Air Force Regulation No. 147–15 (Dec. 15, 1980), Reynolds appealed her separation. At the administrative hearing, the hearing examiner found that the evidence supported only the allegations that Reynolds had (1) allowed an employee to manipulate AAFES' vacation system, and (2) allowed and encouraged her subordinates to use compensation time rather than overtime. In recognition of Reynolds' eighteen years of commendable service, the examiner recommended a demotion instead of a separation. On April 1, 1986, the Vice Commander of AAFES adopted this recommendation, and demoted Reynolds to a grade 8, step 1 from her previous position of grade 10, step 3. Apparently in connection with her disciplinary actions, Reynolds was transferred eight days later to an AAFES installation at Leonard Wood, Missouri. Her family still resides in Minot, North Dakota.

Reynolds filed suit in the district court for back pay, reinstatement, and reassignment. In response, the government filed a motion to dismiss the complaint for lack of subject matter jurisdiction and attached to the motion a copy of the ESPP. Reynolds, with leave of court, filed an amended complaint seeking recovery of damages resulting from breach of contract. The district court concluded that it did not have subject matter jurisdiction pursuant to the Tucker Act because there was no evidence that Reynolds held her position pursuant to any contract of employment. *Reynolds v. Army and Air Force Exchange Service,* No. A4–86–125, slip op. at 12 (D.N.D. June 30, 1987). Thereafter, Reynolds appealed.

## ISSUE

Whether the district court properly dismissed Reynolds' case for lack of Tucker Act jurisdiction based on submitted evidence.

## DECISION

■ In reviewing the district court's judgment granting the government's motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), we normally consider the facts alleged in the complaint to be true and correct. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Air Prod. and Chems., Inc. v. Reichhold Chems., Inc.,* 755 F.2d 1559, 1562 n. 4, 225 USPQ 121, 123 n. 4 (Fed.Cir.), *cert. dismissed,* 473 U.S. 929, 106 S.Ct. 22, 87 L.Ed.2d 700 (1985). Because Reynolds' amended complaint alleged that she served pursuant to a contract, this allegation, left unchallenged, would be sufficient to support Tucker Act jurisdiction. 28 U.S.C. § 1491 (1982); *United States v. Hopkins,* 427 U.S. 123, 130, 96 S.Ct. 2508, 2512, 49 L.Ed.2d 361 (1976) (Tucker Act covers employees of AAFES with contracts of employment, but does not cover appointed employees).

■ If a motion to dismiss for lack of subject matter jurisdiction, however, challenges the truth of the jurisdictional facts alleged in the complaint, the district court may consider relevant evidence in order to resolve the factual dispute. *Land v. Dollar,* 330 U.S. 731, 735, 67 S.Ct. 1009, 1010, 91 L.Ed. 1209 (1947); *Zunamon v. Brown,* 418 F.2d 883, 886 (8th Cir.1969); 2A J. Moore, J. Lucas & G. Grotheer, *Moore's Federal Practice,* ¶ 12.07 [2.—1] at 12–46 to 12–47 (2d ed. 1987). This is such a case. Specifically, the government disputed Reynolds' allegation that she served under contract.

Although the district court correctly considered the ESPP to determine if Reynolds in fact served under contract, the court was clearly erroneous in its factual finding. The court found that Reynolds did not serve under contract because, under the ESPP, "all regular employees are *appointed.*" *Reynolds,* slip op. at 11 (emphasis in original). The ESPP, however, does not equate a regular employee with only an appointed employee. For example, the ESPP states that a "regular employee" will be paid "[u]nder the terms of the contract

when the employee is hired per an employment contract." AR 60–21/AFR 147–15, c. 2, § II 2–12(b)(2) (Dec. 15, 1980). Because the ESPP addresses regular employees serving by appointment as well as by contract, the factual issue—whether Reynolds was employed pursuant to a contract—remains.

The government contends that once the district court's subject matter jurisdiction was put in question it was incumbent upon Reynolds to come forward with evidence establishing the court's jurisdiction. We agree that Reynolds bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence. *Zunamon,* 418 F.2d at 886, quoting *McNutt v. General Motors Acceptance Corp.,* 298 U.S. 178, 189, 56 S.Ct. 780, 785, 80 L.Ed. 1135 (1936); *Jascourt v. United States,* 521 F.2d 1406, 207 Ct.Cl. 955 (1975) (plaintiff bears burden of establishing waiver of sovereign immunity). However, the party asserting jurisdiction must be given an opportunity to be heard before dismissal is ordered. *See Local 336, Am. Fed'n of Musicians v. Bonatz,* 475 F.2d 433, 437 (3d Cir.1973); *Harmon v. Superior Court,* 307 F.2d 796, 797 (9th Cir.1962). It is not clear from the record whether Reynolds was afforded this opportunity.

## CONCLUSION

Because of our inability to determine if Reynolds was afforded an opportunity to establish the jurisdictional facts before dismissal, and because the sole support for the district court's decision is its clearly erroneous fact finding, we vacate the judgment and remand for further proceedings, including an inquiry into whether a factual basis exists to support Reynolds' assertion of having been employed under contract.

## COSTS

Each party shall bear its own costs.

## VACATED AND REMANDED.