Jerome Frank HARRIS, pro se, Plaintiff,

v.

The UNITED STATES, Defendant.

No. 94–541 T.

United States Court of Federal Claims.

May 25, 1995.

Jerome Frank Harris, pro se.

Jeffrey H. Skatoff, Washington, DC, with whom was Asst. Atty. Gen. Loretta C. Argrett, for defendant. Mildred L. Seidman, of counsel.

## ORDER

MOODY R. TIDWELL, III, Judge:

 This case was filed by a *pro se* plaintiff seeking a refund for the tax years 1983 through 1993. The case is presently before the court on defendant's motion to dismiss for lack of subject matter jurisdiction on the grounds that plaintiff failed to pay the taxes that are the basis of his refund claim or, alternatively, did not file a claim for refund with the IRS before filing suit, or both. For the reasons set forth below, the court grants defendant's motion to dismiss.

## FACTS

Plaintiff, Jerome Frank Harris, was an employee of Jim Smith–Hoover Fine Metal & Lighting from 1983–1993. On August 15, 1994, plaintiff filed a complaint with this court seeking a refund of income/employment taxes that were allegedly withdrawn from his paychecks from 1983 through 1993.[1]

On March 16, 1995, defendant responded to the complaint by filing a motion to dismiss for lack of subject matter jurisdiction, alleging that plaintiff failed to comply with the jurisdictional prerequisites of a tax refund suit. Specifically, defendant alleged that no taxes had been paid by or on behalf of plaintiff for the tax years at issue in this case, and as to the tax years 1983, 1984, and 1993, plaintiff did not file a claim for refund with the IRS. In support of its motion to dismiss, defendant appended the IRS Certificate of Assessment and Payments showing that plaintiff owes taxes for the 1985–1992 tax years. Plaintiff's response to defendant's motion to dismiss was largely unintelligible. Plaintiff alleged that he requested a refund for the tax years 1985 through 1992 by filing 1040X Forms.

## DISCUSSION

In considering a motion to dismiss for lack of subject matter jurisdiction under RCFC 12(b)(1), the court must accept as true any undisputed allegations of fact made by the non-moving party. *Reynolds v. Army and Air Force Exch. Serv.*, 846 F.2d 746, 747 (Fed.Cir.1988). When disputed facts relevant to the issue of jurisdiction exist, the court may decide those questions of fact. *Id.; Hedman v. United States*, 15 Cl.Ct. 304, 306 (1988). When subject matter jurisdiction is questioned, the non-moving party bears the burden of establishing the court's jurisdiction. *Reynolds*, 846 F.2d at 748. In deciding whether the court has jurisdiction to hear the case, the court is not limited to the pleading, but rather may consider materials and evidence extrinsic to the pleading. *Cedars–Sinai Medical Center v. Watkins*, 11 F.3d 1573, 1584 (Fed.Cir.1993), *cert. denied*, —— U.S. ——, 114 S.Ct. 2738, 129 L.Ed.2d 859 (1994); *Estate of Akin v. United States*, 31 Fed.Cl. 89, 92 (1994) (citing *Land v. Dollar*, 330 U.S. 731, 735 n. 4, 67 S.Ct. 1009, 1011 n. 4, 91 L.Ed. 1209 (1947)), *aff'd*, 43 F.3d 1487 (Fed.Cir.1994).

Defendant's motion to dismiss is based on the following grounds: (1) plaintiff failed to pay his full tax assessment *prior to* commencing this action; and (2) for the tax years 1983, 1984 and 1993, plaintiff never filed a claim for refund with the IRS, a prerequisite to jurisdiction in this court.

1. Plaintiff's Failure to Pay the Full Tax Assessment.

Defendant moved to dismiss plaintiff's refund claim for the 1985 through 1992 tax years on the ground that this court lacked jurisdiction because plaintiff did not pay the amount of the assessed tax liability for any of these years prior to commencement of this action. Defendant asserted that plaintiff did not make full payment of the tax assessed for 1985 through 1992 tax years. Thus, according to defendant the claim for a refund for 1985 through 1992 tax years should be dismissed.

---

1. *In addition, plaintiff claimed $40,000 for "damnum absque injuria" in his complaint. Because this type of loss does not give rise to an* action for damages against the person causing it, the court dismissed plaintiff's claim for $40,000 on December 1, 1994.

This court has concurrent jurisdiction with the United States District Courts over suits for the refund of taxes. 28 U.S.C. §§ 1346(a)(1), 1491 (1988). It is a prerequisite to suit, however, that the assessed tax liability has been fully paid. In *Flora v. United States,* 357 U.S. 63, 78 S.Ct. 1079, 2 L.Ed.2d 1165, *aff'd on reh'g,* 362 U.S. 145, 80 S.Ct. 630, 4 L.Ed.2d 623 (1960), a tax refund suit was initiated in the district court before full payment of the tax had been made. The Supreme Court held that 28 U.S.C. § 1346(a)(1), correctly construed, requires a taxpayer to pay the full amount of all assessed tax before he may challenge its correctness by a suit for refund. *Flora,* 362 U.S. at 177, 80 S.Ct. at 647. This court has long applied full-payment rule of *Flora* to dismiss tax refund suits against the United States when the assessment has not been paid in full prior to commencement of any action. *Rocovich v. United States,* 933 F.2d 991, 992 (Fed.Cir.1991).

■ Plaintiff asserted that he was an employee of Jim Smith–Hoover Fine Metal & Lighting during the tax years at issue. In general, an employer is required to withhold the employee's share of federal income tax from each paycheck. 26 U.S.C. §§ 3401 *et seq.* An employer must also withhold the employee's share of amounts owed under the Federal Insurance Contributions Act (FICA). 26 U.S.C. §§ 3101 *et seq.* If federal income tax and FICA are withheld from a paycheck but not remitted to the Internal Revenue Service, the employee receives credit for the amounts actually withheld. *Slodov v. United States,* 436 U.S. 238, 243, 98 S.Ct. 1778, 1783, 56 L.Ed.2d 251 (1978). However, because plaintiff did not successfully prove that his employer withheld any amount from his paychecks, the rule of *Slodov* is inapplicable to this case.

■ The Certificate of Assessments and Payments attached to defendant's brief in support of its motion to dismiss are considered presumptive proof of a valid assessment. *Rocovich v. United States,* 933 F.2d 991, 994 (Fed.Cir.1991). These documents reflect plaintiff's assessments and credits for the 1985 through 1992 tax years. Plaintiff failed to rebut this evidence. In fact, for the tax years of 1985–1992, plaintiff did not provide the court with any evidence indicating full payment prior to filing this lawsuit. In contrast, the IRS Certificate of Assessments and Payments indicated an amount of tax assessment for each year at issue. Although plaintiff claimed to have made payments for 1985–1992 and provided the IRS 1040X Forms, the IRS Certificate of Assessments and Payments, in fact, indicated that such taxes were not paid.

■ It is well-settled that this court's jurisdiction over a suit for tax refund is premised upon the full-payment of the tax that is the source of the claim. *Flora v. United States,* 357 U.S. 63, 78 S.Ct. 1079, 2 L.Ed.2d. 1165, *aff'd on reh'g,* 362 U.S. 145, 80 S.Ct. 630, 4 L.Ed.2d 623 (1960); *Rohmann,* 25 Cl.Ct. 283. Plaintiff failed to demonstrate full-payment of his taxes for the 1985 through 1992 tax years. Therefore, the court finds that it does not have jurisdiction over plaintiff's claims for those years.

2. Plaintiff's Failure to File a Claim for Refund with the Internal Revenue Service.

Defendant moved to dismiss plaintiff's claim for a refund for the 1983, 1984 and 1993 tax years on the grounds that the claims for refund for those years were not duly filed with the IRS before filing this suit in this court. 26 U.S.C. § 7422 (1988) states, in part:

No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged ... until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

Plaintiff has not provided the court with any evidence that he timely filed a claim for refund for the 1983, 1984, and 1994 tax years with the IRS. Therefore, the court has no jurisdiction to consider plaintiff's claims for those years.

## CONCLUSION

Before this court has jurisdiction over a tax refund case, the claimant must demonstrate that he paid the taxes in question and timely filed a claim for their refund with the IRS. For the tax years 1985–1992, plaintiff provided no evidence of full-payment. For the tax years 1983, 1984, and 1994, plaintiff did not demonstrate that he timely filed a claim for refund with the IRS. Accordingly, the court dismisses plaintiff's refund claims for all of the above tax years. Because this includes all of the years in plaintiff's complaint, the entire action is dismissed.

**IT IS SO ORDERED.**