Tunde F. THOMAS, Plaintiff,

v.

The UNITED STATES, Defendant.

No. 99–345T.

United States Court of Federal Claims.

April 7, 2003.

Tunde F. Thomas, pro se.

Robert J. Higgins, Washington, D.C., with whom were Claire Fallon, Acting Assistant Attorney General, Mildred L. Seidman, Chief, William K. Drew, Reviewer, for defendant.

## OPINION

BUSH, Judge.

On May 27, 1999, plaintiff Tunde Thomas filed a complaint in this court claiming that he did not receive certain income tax refunds for tax returns which he filed from 1990 to 1998. Mr. Thomas also seeks additional damages in the amount of $20 million from the Internal Revenue Service (IRS) for failing to make the claimed payments. It also appears that plaintiff alleges that the IRS was negligent in the handling of his tax returns. Finally, Mr. Thomas requests a court-appointed attorney, claiming that he is unable to afford counsel [1].

---

1. This court denies plaintiff's request for a court-appointed attorney. First, plaintiff did not file this law suit *in forma pauperis* and he paid the full court filing fee. Second, even if plaintiff relies upon 28 U.S.C. § 1915, which concerns proceedings *in forma pauperis*, plaintiff's request must fail. Title 28 U.S.C. § 1915 states, in part:
   (a)(1) Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or ap-

On June 1, 2001, defendant filed a Motion to Dismiss, in part, and Motion for Summary Judgment. Plaintiff did not file a response to defendant's brief in the allotted time and thus, on December 11, 2001, the court ordered plaintiff to file a response, on or before January 11, 2002, showing cause why the court should not grant defendant's dispositive motions. On January 2, 2002, the Clerk's office received a letter from plaintiff stating that he did not plan on responding to any further motions and wished the court to proceed in rendering its decision. Therefore, the court deemed the subject letter as plaintiff's response to the court's December 11, 2001 order and directed the Clerk's office to file plaintiff's letter.

## I. Motion to Dismiss Pursuant to 12(b)(1)

### a. Standard of Review for a Motion to Dismiss for Lack of Subject Matter Jurisdiction

Jurisdiction may be challenged by the parties or by the court on its own at any time, and if jurisdiction is found lacking, this court must dismiss the action. Rule 12(h)(3) of the Rules of the Court of Federal Claims (RCFC). The court's determination of jurisdiction starts with the complaint, "which must be well-pleaded in that it must state the necessary elements of the plaintiff's claim, independent of any defense that may be interposed." *Holley v. United States*, 124 F.3d 1462, 1465 (Fed.Cir.1997) (citations omitted). However, pleadings drafted by *pro se* plaintiffs are held to a less stringent standard than pleadings drafted by attorneys. *Troutman v. United States*, 51 Fed.Cl. 527, 531 (2002). In rendering a decision on a motion to dismiss for lack of subject matter jurisdiction pursuant to RCFC 12(b)(1), this court must presume all undisputed factual allegations to be true and construe all reasonable inferences in favor of the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236–37, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 747 (Fed.Cir.1988). The court should not grant a motion to dismiss "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2

peal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor....

\*  \*  \*  \*  \*  \*

(e)(1) The court may request an attorney to represent any person unable to afford counsel.

\*  \*  \*  \*  \*  \*

(h) As used in this section, the term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program.
28 U.S.C. § 1915.
Plaintiff has not argued or proffered any evidence that he is a prisoner, in accordance with the statute. 28 U.S.C. § 1915. Therefore, the statute is inapplicable to this matter. Also, even if plaintiff were a prisoner requesting a court-appointed counsel, this court lacks authority to appoint an attorney for plaintiff to proceed *in forma pauperis*. *Froudi v. United States*, 23 Cl.Ct. 328, 330–31 (1991) (noting, with approval, that in an unpublished opinion, the Claims Court determined that it does not have the authority to grant motions by incarcerated, indigent plaintiffs seeking court-appointed counsel). Likewise, if plaintiff were a prisoner and seeking a waiver of the payment of civil filing fees, the authority granted in this statute does not apply to this court because the Court of Federal Claims is not "a court of the United States" under the terms of the statute. *Cofield v. United States*, 25 Cl.Ct. 465, 467 (1992) (finding that because this court's judges are appointed to limited terms and thus are not "'entitled to hold office during good behavior,' either by statute or by the Constitution," this court does not fall within the definition of "court of the United States"). *See also Messerschmidt v. United States*, 29 Fed.Cl. 1, 10 n. 2 (1993), *aff'd*, 14 F.3d 613 (Fed.Cir.1993) (Table) (noting that in an earlier proceeding the court had determined that because this court is not a court of the United States (an Article III court), "it was not technically authorized to exercise the functions of 28 U.S.C. § 1915 (1988), which provides for the appointment of counsel"). Moreover, even if plaintiff argued that 28 U.S.C. § 1915(e)(1) applied to all persons unable to afford counsel, plaintiff has not proffered sufficient evidence of his inability to afford counsel. *See McCauley v. United States*, 38 Fed.Cl. 250, 270 (1997), *aff'd*, 152 F.3d 948 (Fed.Cir.1998) (Table) (finding that plaintiff did not provide sufficient proof of her inability to afford counsel). Plaintiff simply makes a conclusory statement that he is unable to afford counsel, without more. In light of the above, this court denies plaintiff's request for court-appointed counsel.

L.Ed.2d 80 (1957) (footnote omitted). Nonetheless, the non-movant bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence. *Cubic Def. Sys., Inc. v. United States*, 45 Fed.Cl. 239, 245 (1999) (citing *Cedars–Sinai Med. Ctr. v. Watkins*, 11 F.3d 1573, 1583 (Fed.Cir.1993); *Reynolds*, 846 F.2d at 748; *Maniere v. United States*, 31 Fed.Cl. 410, 413 (1994)). Therefore, as the Supreme Court noted, federal courts may not entertain claims which would otherwise be in their jurisdiction if the claims are " 'so attenuated and unsubstantial as to be absolutely devoid of merit,' 'wholly insubstantial,' 'obviously frivolous,' 'plainly unsubstantial,' or 'no longer open to discussion.' " *Hagans v. Lavine*, 415 U.S. 528, 536–37, 94 S.Ct. 1372, 1379, 39 L.Ed.2d 577 (1974). The Court further notes that " '(t)he question, may be plainly unsubstantial, either because it is "obviously without merit" or because its unsoundness so clearly results from the previous decisions of this court as to foreclose the subject and leave no room for the inference that the question sought to be raised can be the subject of controversy.' " *Id.* at 537, 94 S.Ct. 1372. The court may make any factual findings necessary to adjudicate this motion, including findings on matters not raised in the pleadings. *Indium Corp. of Am., Inc. v. Semi–Alloys, Inc.*, 781 F.2d 879, 884 (Fed.Cir.1985), *cert. denied*, 479 U.S. 820, 107 S.Ct. 84, 93 L.Ed.2d 37 (1986).

### b. COFC Jurisdiction

The Tucker Act delineates this court's jurisdiction. 28 U.S.C. § 1491 (1994). The Tucker Act does not create a substantive right to recover money damages in this court; rather, it allows recovery for claims founded on the Constitution, an act of Congress, regulation promulgated by the executive department, or any express or implied contract with the United States. 28 U.S.C. § 1491(a)(1); *Ky. Bridge & Dam, Inc. v. United States*, 42 Fed.Cl. 501, 516 (1998) (citing *United States v. Mitchell*, 445 U.S. 535, 538, 100 S.Ct. 1349, 63 L.Ed.2d 607, *reh'g denied*, 446 U.S. 992, 100 S.Ct. 2979, 64 L.Ed.2d 849 (1980); *United States v. Testan*, 424 U.S. 392, 398–99, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976); *United States v. Connol-*

*ly*, 716 F.2d 882, 885 (Fed.Cir.1983) (*en banc*), *cert. denied*, 465 U.S. 1065, 104 S.Ct. 1414, 79 L.Ed.2d 740 (1984)). A statute, regulation, or constitutional provision provides a substantive right only if it " 'can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained.' " *Testan*, 424 U.S. at 400, 96 S.Ct. at 955 (quoting *Eastport S.S. Corp. v. United States*, 372 F.2d 1002, 1009, 178 Ct. Cl. 599 (1967); citing *Mosca v. United States*, 417 F.2d 1382, 1386, 189 Ct.Cl. 283, 290 (1969), *cert. denied*, 399 U.S. 911, 90 S.Ct. 2197, 26 L.Ed.2d 565 (1970)). If the provision is found to be "money-mandating," the party need not rely upon a waiver of sovereign immunity beyond the Tucker Act. *See Huston v. United States*, 956 F.2d 259, 261 (Fed.Cir.1992) (citing *Mitchell*, 463 U.S. at 218, 103 S.Ct. at 2968).

### c. Jurisdiction over tax refund claims

It is well-established that this court must determine, for itself, whether it has jurisdiction to entertain a tax refund suit. *Abruzzo v. United States*, 24 Cl.Ct. 668, 670 (1991) (citing *Berdick v. United States*, 222 Ct.Cl. 94, 99, 612 F.2d 533, 536 (1979); *Rocovich v. United States*, 18 Cl.Ct. 418, 421 (1989), *aff'd*, 933 F.2d 991 (Fed.Cir.1991); *Lambropoulos v. United States*, 18 Cl.Ct. 235, 236 n. 2 (1989)). This court generally has jurisdiction over tax refund actions pursuant to the Tucker Act. 28 U.S.C. § 1491(a)(1). Also, the court has concurrent jurisdiction over tax refund suits with federal district courts. 28 U.S.C. § 1346(a)(1); *Shore v. United States*, 9 F.3d 1524, 1525 (Fed.Cir.1993). Nonetheless, in accordance with the "full payment" rule set forth in *Flora v. United States*, 357 U.S. 63, 78 S.Ct. 1079, 2 L.Ed.2d 1165 (1958), *adhered to*, 362 U.S. 145, 80 S.Ct. 630, 4 L.Ed.2d 623, *reh'g denied*, 362 U.S. 972, 80 S.Ct. 953, 4 L.Ed.2d 902 (1960), a plaintiff must satisfy the jurisdictional prerequisite of full payment of the tax liability, penalties, and interest in order to maintain a tax refund action in either this court or the district court. *See also Rocovich v. United States*, 933 F.2d 991, 993–94 (Fed.Cir.1991) (stating that the Claims Court and the Court of Claims have long applied

the *Flora* rule "to dismiss tax refund suits against the United States when the assessment has not been paid in full prior to commencement of the action"); *Wright v. United States,* 42 Fed.Cl. 745, 746 (1999) (noting that a plaintiff can only obtain jurisdiction under section 1346(a)(1) if it is demonstrated that "the tax assessed was paid in full at the time the claim was filed"); *Shore,* 9 F.3d at 1526–27 (noting that this court has consistently applied the full payment rule with regard to principal tax deficiency, dismissing tax refund claims where the principal tax deficiency was not paid, regardless of interest or penalty payments) (citing *Magee v. United States,* 24 Cl.Ct. 511, 512 (1991); *Cohen v. United States,* 23 Cl.Ct. 717, 719 n. 3 (1991); *DiNatale v. United States,* 12 Cl.Ct. 72, 72–74 (1987); *cf. Lambropoulos,* 18 Cl.Ct. at 237).

The statutory framework a party must satisfy in order to establish jurisdiction includes 26 U.S.C. §§ 6511 and 7422. Pursuant to section 7422(a):

> No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected ... until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

26 U.S.C. § 7422(a). Section 6511(a) states, in pertinent part, that a claim for refund must be filed with the IRS "within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later, or if no return was filed by the taxpayer, within 2 years from the time the tax was paid ...." 26 U.S.C. § 6511(a). Section 6511(b) sets forth limitations on allowance of credits and refunds. According to the statute, if a claim was not filed within the 3–year period, "the amount of the credit or refund shall not exceed the portion of the tax paid during the 2 years immediately preceding the filing of the claim." 26 U.S.C. § 6511(b)(2)(B).

## II. Motion for Summary Judgment

This action is also before the court on defendant's motion for summary judgment.

Summary judgment is designed to secure the "'just, speedy, and inexpensive determination of every action.'" *Celotex Corp. v. Catrett,* 477 U.S. 317, 327, 106 S.Ct. 2548, 2555, 91 L.Ed.2d 265 (1986) (quoting Federal Rule of Civil Procedure 1). Summary judgment is appropriate where there is no dispute as to any material fact and the moving party is entitled to judgment as a matter of law. RCFC 56; *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). A fact is material if it would affect the outcome of the suit. *Id.* at 248, 106 S.Ct. 2505.

In considering a motion for summary judgment, the court does not "weigh[ ]" each side's evidence. *Contessa Food Products, Inc. v. Conagra, Inc.,* 282 F.3d 1370, 1376 (Fed.Cir.2002). Rather, "the court views the evidence and any disputed factual issues in the light most favorable to the party opposing the motion." *Enzo Biochem, Inc. v. Gen–Probe Inc.,* 323 F.3d 956, 962 (Fed.Cir. 2002) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986)). That is, all doubt over factual issues must be resolved in favor of the party opposing summary judgment. *Mingus Constructors, Inc. v. United States,* 812 F.2d 1387, 1390 (Fed.Cir.1987). However, the non-moving party has the burden of producing sufficient evidence that there is a genuine issue of material fact in dispute which would allow a reasonable finder of fact to rule in its favor. *Anderson,* 477 U.S. at 256, 106 S.Ct. at 2514. Such evidence need not be admissible at trial; nevertheless, mere denials, conclusory statements or evidence that is merely colorable or not significantly probative is not sufficient to preclude summary judgment. *Celotex,* 477 U.S. at 324, 106 S.Ct. at 2554; *Anderson,* 477 U.S. at 249–50, 106 S.Ct. at 2511; and *Mingus,* 812 F.2d at 1390–91.

## III. Burden of Proof

■ With respect to tax refund suits, the taxpayer must prove that the IRS owes the taxpayer a refund and the exact amount of the refund. *United States v. Janis,* 428 U.S. 433, 440, 96 S.Ct. 3021, 3025, 49 L.Ed.2d

1046 (1976) (citing *Lewis v. Reynolds*, 284 U.S. 281, 52 S.Ct. 145, 76 L.Ed. 293 (1932)); *Dysart v. United States*, 169 Ct.Cl. 276, 340 F.2d 624, 628 (1965). Title 26 U.S.C. § 7491 states that "[i]f, in any court proceeding, a taxpayer introduces credible evidence with respect to any factual issue relevant to ascertaining the liability of the taxpayer for any tax imposed by subtitle A or B, the Secretary shall have the burden of proof with respect to such issue." However, it is well-settled that in tax refund matters, "there is a strong presumption that the assessment of taxes owed as determined by the Commissioner of Internal Revenue is correct." *KFOX, Inc. v. United States*, 206 Ct.Cl. 143, 510 F.2d 1365, 1369 (1975) (citing *Welch v. Helvering*, 290 U.S. 111, 115, 54 S.Ct. 8, 78 L.Ed. 212 (1933); *Stubbs, Overbeck & Assoc. v. United States*, 445 F.2d 1142, 1148 (5th Cir.1971); *Young & Rubicam, Inc. v. United States*, 410 F.2d 1233, 1244, 187 Ct.Cl. 635, 655 (1969); *Commissioner v. Riss*, 374 F.2d 161 (8th Cir. 1967)). Thus, for a taxpayer to overcome this presumption, the taxpayer must "offer substantial evidence as to the wrongfulness of the Commissioner's determination." *Id.* (citing *Riss*, 374 F.2d at 166). Once the taxpayer overcomes the presumption, the court must then resolve the matter based upon the evidence before it. *Id.* (citation omitted). Nevertheless, the taxpayer is still required to "carry the ultimate burden of proof" even after overcoming the presumption. *Danville Plywood Corp. v. United States*, 899 F.2d 3, 8 (Fed.Cir.1990) (citing *Meridian Wood Prod. Co. v. United States*, 725 F.2d 1183, 1189 (9th Cir.1984)); *Transamerica Corp. v. United States*, 902 F.2d 1540, 1543 (1990).

## IV. Discussion

### a. This court does not have jurisdiction over plaintiff's tort claim

■ Mr. Thomas makes allegations which are tortious in nature. Plaintiff alleges that IRS employees were negligent in the handling of his filed tax returns and that he suffered emotional distress due to the IRS' actions. Plaintiff seeks $20 million in compensation. This court does not have jurisdiction over tort claims. 28 U.S.C. § 1491; *Western Pine Indus., Inc. and Western Merritt, Inc. v. United States*, 231 Ct.Cl. 885, 1982 WL 25792 (1982) (citing the Tucker Act); *Blazavich v. United States*, 29 Fed.Cl. 371, 374 (1993) (relying upon the Tucker Act); *Gates v. United States*, 33 Fed.Cl. 9, 12 (1995) (noting that this court does not have jurisdiction over an emotional distress claim because it sounds in tort); *Crews v. United States*, 38 Fed.Cl. 10, 15 (1997) (stating that this court does not have jurisdiction over plaintiff's claim of negligence); *Golden Pacific Bancorp. v. United States*, 15 F.3d 1066, 1069 n. 8 (Fed.Cir.1994), *cert. denied*, 513 U.S. 961, 115 S.Ct. 420, 130 L.Ed.2d 335 (1994) (noting that this court does not have jurisdiction over tort claims).

Consequently, this court must dismiss plaintiff's claims sounding in tort for lack of subject matter jurisdiction.

### b. This court lacks jurisdiction over plaintiff's claim for tax refunds for the years 1991–1993 and 1998.

#### 1. 1991

■ Plaintiff seeks a tax refund for his 1991 taxable year in the amount of $1,076. IRS records indicate that while plaintiff earned $14,246 in adjusted gross income for 1991, there were no tax withholdings. Mr. Thomas' tax liability for this year was $1,334 for a taxable income of $8,200, according to IRS records. The 1991 tax return included in Mr. Thomas' complaint is signed and dated March 18, 1992. However, the IRS documents indicate that plaintiff filed his claim too late to qualify as a timely refund. The records state that Mr. Thomas was assessed a late filing penalty of $333.50 on November 23, 1998 and that the interest due was $1,211.01. The total unpaid balance reflected in the IRS records is $2,725.17 (plaintiff's tax liability, penalties, and interest due).

As noted by defendant, the documentation filed with the court by Mr. Thomas for the 1991 tax year is different from that filed with the IRS. While the amounts filed on plaintiff's Form 1040EZ are similar to the amounts found in the IRS computerized records, plaintiff's 1040EZ miscalculates the tax owed as the result of an addition error. Mr.

Thomas has not proffered any evidence, such as a W–2 Form, to substantiate his contention that he paid additional taxes for 1991 or made the charitable contributions for which plaintiff's Form 8283 claims credit. Plaintiff's Form 8283 alleges entitlement to a charitable contribution deduction in the amount of $3,740. Under 26 U.S.C. § 63, Mr. Thomas could not claim these deductions on a Form 1040EZ, which allows only the standard deduction. Mr. Thomas' alleged deductions could only have been claimed had he itemized deductions and filed a Form 1040 and a Schedule A. *See id.*

This is a case where plaintiff has failed to present any evidence to contradict IRS records, and thus, under these circumstances the court must accept the IRS assessments as true. *See Rocovich,* 933 F.2d at 994 (noting that an IRS assessment is generally used to demonstrate that a tax assessment has been made and such an assessment is " 'presumptive proof of a valid assessment' where 'the defendant has produced *no* evidence to counter this presumption.' ") (citation omitted) (emphasis in original); *Daniels v. United States,* 1999 WL 302450 *3 (Fed.Cl.1999) (finding that "[b]ecause the Plaintiff has not submitted evidence to contradict the Certificates of Assessments and Payments, the Court may accept as true their assertions that the Plaintiff has not paid the assess-

ments in full"). Nevertheless, given the fact that Mr. Thomas' documentation, attached to his complaint, appears to be erroneous and plaintiff, even during discovery[2], has failed to proffer persuasive documentation in support of his refund claim, this court cannot find that Mr. Thomas has overcome the presumption that the IRS' assessment of his 1991 taxes is correct inasmuch as the burden of proof requires that the taxpayer offer *substantial* evidence that the IRS' determination is incorrect. *See KFOX, Inc.,* 510 F.2d at 1369.[3] In light of the fact that the IRS records indicate that Mr. Thomas did not fully pay his taxes for 1991, this court must conclude that plaintiff's account is not fully paid. Thus, this court lacks jurisdiction to entertain plaintiff's claim in accordance with the full payment rule in *Flora.* *See Abruzzo,* 24 Cl.Ct. at 670.

Moreover, even if Mr. Thomas had taxes withheld during 1991, because he failed to file a claim for refund within three years of the. due date for the return, Mr. Thomas' refund claim is limited to amounts paid within two years of the claim. *United States v. Dalm,* 494 U.S. 596, 601–02, 110 S.Ct. 1361, 1364–65, 108 L.Ed.2d 548 (1990) (finding that "unless a claim for refund of a tax has been filed within the time limits imposed by § 6511(a), a suit for refund, regardless of

---

**2.** During his deposition, Mr. Thomas was questioned about his 1990 and 1991 tax returns and admitted that he did not have any evidence to refute the IRS documentation. Def.App. B at B34–35. This instance is simply one of many wherein Mr. Thomas is unable to rebut the government's evidence and hence, fails to substantiate his own claims. *See infra.*

**3.** *See also Harris v. United States,* 33 Fed.Cl. 470, 472 (1995) in which the court held that because the plaintiff failed to demonstrate full-payment of his taxes for the claimed years, the court did not have jurisdiction over his claim. In support of its conclusion, the court looked to the fact that although the plaintiff provided the IRS 1040X Forms for the tax years he claimed he was owed a refund, the plaintiff's evidence did not successfully rebut the government's evidence. That is, the court found that the plaintiff's proffered evidence did not demonstrate full payment prior to the filing of the lawsuit whereas the IRS assessments indicated that plaintiff had not paid the taxes on the years the plaintiff had claimed to have made payments to the IRS. In light of *Harris,* this court finds that the law does not

require a plaintiff in a tax refund case to not present *any* evidence in order to fail to rebut the presumption that the IRS records are correct.

Moreover, it is important to note that when the court is faced with a jurisdictional question, the court may consider all relevant evidence to aid in the resolution of any disputes as to the truth of the jurisdictional facts alleged in the complaint. *Calhoun v. United States,* 32 Fed.Cl. 400, 403 (1994) (citing *Reynolds,* 846 F.2d at 747). Also, "[t]he court is required to decide any facts which are relevant to the issue of jurisdiction." *Id.* (citing *Reynolds,* 846 F.2d at 747). Thus, while this court must presume all undisputed factual allegations to be true and construe all reasonable inferences in favor of the plaintiff, *Scheuer,* 416 U.S. at 236–37, 94 S.Ct. 1683, 40 L.Ed.2d 90; *Reynolds,* 846 F.2d at 747, in this instance, it is pertinent to the court's resolution of whether plaintiff paid his IRS account in full and thus, has jurisdiction over plaintiff's claim, to look to all relevant evidence, including the IRS assessments insofar as the IRS documents, without being proven incorrect, demonstrate whether plaintiff's account is fully paid.

whether the tax is alleged to have been 'erroneously,' 'illegally,' or 'wrongfully collected,' … may not be maintained in any court"); 26 U.S.C. §§ 6511(a) and (b)(2)(B). *See also Thomson v. United States,* 1999 WL 314827 *3-4 (Fed.Cl.1999) (found that because the plaintiff's refund claims had not been filed with the IRS in accordance with the time limitation set forth in section 6511(a), the court lacked jurisdiction over plaintiff's refund claims for the years in question). Here, Mr. Thomas would not receive a refund inasmuch as he has made no allegation of payments for 1991 made after the close of the 1991 taxable year. Consequently, plaintiff has not demonstrated that he is owed a refund, an essential element of success in a tax refund suit. *See Janis,* 428 U.S. at 440, 96 S.Ct. at 3025; *Dysart,* 340 F.2d at 628. In light of the above, this court must dismiss plaintiff's claim for a tax refund for the year 1991 for lack of subject matter jurisdiction.

### 2. 1992

With respect to Mr. Thomas' 1992 claim for a tax refund, the government argues that the IRS computerized records are based on an incorrectly prepared Form 1040EZ which plaintiff filed in 1997; however, this court may award no refund to Mr. Thomas due to lack of jurisdiction and lack of substantiation of his claims for that year.

The IRS assessment shows that Mr. Thomas filed his income tax return for the 1992 taxable year on or about April 10, 1997. The records also indicate that plaintiff's return for 1992 reported a tax owed of $280 on a taxable income of $5,768 and an adjusted gross income of $11,318. The assessment also shows that there was a withholding credit in the amount of $608.26 as the only payment recorded with respect to the 1992 tax year. Because plaintiff's claim was untimely, the overpayment in the amount of $328.26 for plaintiff's 1992 taxable year was not refunded to Mr. Thomas, but was treated as a "statute credit" and posted to an excess collections account. The government contends that the IRS records for 1992 are based on a 1040EZ Form completed by plaintiff and dated April 6, 1997. This form incorrectly added income from Forms W-2 for 1991 and 1992 issued by

the same employer. Def.App. B at B44-47, B82-85.

Attached to ·Mr. Thomas' complaint is a copy of a 1040EZ dated March 6, 1993 which reports different amounts of income and tax withholdings for the 1992 tax year than IRS records indicate. Mr. Thomas' 1992 1040EZ is not accompanied by a W-2 Form or other documentation substantiating his claim that he paid additional taxes for 1992 and is entitled to a refund for a portion of those taxes.

While plaintiff's complaint attaches a 1040EZ for 1992 dated March 6, 1993, the record supports the government's claims. In fact, during discovery, Mr. Thomas admitted that it was his handwriting on the 1040EZ Form the government relied upon that was dated April 6, 1992. Def.App. B at B45. Given this evidence, the court cannot find that plaintiff has overcome the presumption that the IRS assessment is correct; Mr. Thomas' evidence is simply not substantial. *See KFOX, Inc.,* ‌510 F.2d at 1369. As a result, the court finds that since plaintiff failed to file a claim for refund within three years of the due date for the return, any refund for plaintiff is limited to amounts paid within two years of the claim, in accordance with section 6511. In the instant matter, plaintiff would not receive any refund inasmuch as he has not made an allegation of payments for 1992 made after the close of the taxable year. Therefore, plaintiff has not demonstrated that he is owed a refund and accordingly, this court does not have jurisdiction over plaintiff's claim for a 1992 tax refund. *See Janis,* 428 U.S. at 440, 96 S.Ct. at 3025; *Dysart,* 340 F.2d at 628.

### 3. 1993

Likewise, this court does not have jurisdiction over plaintiff's claim for a refund based on his 1993 tax filings. IRS records show that Mr. Thomas filed his income tax return for 1993 on or about June 25, 1998. Def.App. B at B140. The records state that for 1993, plaintiff has a tax due of $1,226 on taxable income of $7,838 and an adjusted gross income of $14,238. There were no payments credited to Mr. Thomas' 1993 account with the IRS. The same records indicate that plaintiff has an outstanding unpaid

balance of federal income tax liabilities for 1993 in the amount of $2,286.19, plus statutory interest and penalties. *Id.* Mr. Thomas' evidence in support of his claim that he is owed a refund for his 1993 taxes is a Form 1040EZ for 1993 dated April 8, 1994. This 1040EZ reports an adjusted gross income of $14,238 as does the IRS record. However, it also reports tax withholdings which are not in the IRS records. There is no W–2 Form attached to the complaint to substantiate plaintiff's claim for the alleged income tax withholdings as seen on his attached 1040EZ Form for 1993; nor has plaintiff provided any other supporting documentation which demonstrates that he paid additional taxes for the 1993 tax year and is entitled to a refund of a portion of those taxes.

First, Mr. Thomas is unable to corroborate his claim that he had taxes withheld for 1993 (other than those for which he received a credit on the return filed for 1994 and which totaled only $254.66). He is also unable to substantiate his alleged claim that his 1993 tax return, which claimed a refund, was filed in 1994 rather than 1998, as·indicated by the IRS records. Thus, plaintiff is unable to overcome the presumption that the IRS' records are correct. *See KFOX, Inc.,* 510 F.2d at 1369. Second, plaintiff's unpaid balance for his 1993 taxes precludes this court from having jurisdiction over his claim, pursuant to the *Flora* rule insofar as plaintiff has not fully paid his tax liability, penalties and interest. *Flora,* 357 U.S. 63, 78 S.Ct. 1079, 2 L.Ed.2d 1165. Lastly, Mr. Thomas did not file his tax return until June 25, 1998, more than three years from the due date of the return, according to IRS records. Consequently, any claim for a refund would be limited to any refund to amounts paid within two years of the claim, *see* section 6511(b)(2)(B), and here, that amount is zero since plaintiff has made no allegation of payments for 1993 made after the close of that taxable year. Therefore, plaintiff has not demonstrated that he is owed a refund, an essential element of success in a tax refund suit. *See Janis,* 428 U.S. at 440, 96 S.Ct. at 3025; *Dysart,* 340 F.2d at 628. The court thus dismisses plaintiff's claim for a refund based on his 1993 tax filings for lack of subject matter jurisdiction.

### 4. 1998

Attached to plaintiff's complaint is a 1040EZ Form for 1998, plus a Form 3903 (moving expenses) and two Schedule A forms. These forms are also found in the IRS files. While Mr. Thomas' 1040EZ is dated March 18, 1999, IRS records indicate that plaintiff actually filed his 1998 tax return on or about April 15, 1999. Def. Proposed Findings of Uncontroverted Fact at ¶ 48; Def.App. B at B155.

Although there are grounds for this court to find summary judgment in favor of the government with respect to this claim, the court will dismiss plaintiff's claim for a refund for his 1998 taxes on the basis of lack of jurisdiction. Plaintiff filed his complaint on May 27, 1999. Title 26 U.S.C. § 6532(a)(1) states, in pertinent part, "no suit or proceedings under·section 7422(a) for the recovery of any internal revenue tax, penalty, or other sum, shall be begun before the expiration of 6 months from the date of filing the claim required under such section ..." Whether plaintiff filed his Form 1040EZ on March 18, 1999 or April 15, 1999, his claim in this court for a 1998 tax refund has been submitted as a premature claim for refund inasmuch as the complaint was filed fewer than six months after making a claim for refund. Consequently, this court does not have jurisdiction over Mr. Thomas' claim for a refund with respect to his 1998 taxes and given this, the court finds it unnecessary to address other bases upon which it could dismiss plaintiff's claim.

**c. This court grants defendant's motion for summary judgment with respect·to plaintiff's claims for refund for the years 1990 and 1994–97.**

### 1. 1990

Mr. Thomas seeks a tax refund in the amount of $1,684 for the 1990 tax year. Plaintiff's complaint attaches a copy of a 1040EZ Form dated February 18, 1991 which claims a total income of $13,150. Also attached to plaintiff's complaint are two Form 8283's which state that for the 1990 tax year plaintiff made a non-cash donation in the

amount of $2,798.50 and charitable contributions, in cash, amounting to $3,740. Mr. Thomas' documentation is not supported by a copy of any W–2 Form or other documentation corroborating the wage amounts or tax amounts withheld or documentation supporting the amounts in charitable contribution deductions claimed.

The IRS records indicate that plaintiff filed his 1990 tax return on or about April 15, 1991. Def.App. B at B5. The records also show that for 1990, plaintiff owed a tax of $264 on a taxable income of $1,893.64 and an adjusted gross income of $7,193.64. In addition, the IRS documents demonstrate that for 1990, plaintiff had $569.68 of income tax withheld from his wages and paid to the IRS. On or about May 27, 1991, according to the IRS records, the IRS sent plaintiff a refund in the amount of $305.68, the difference between the amount of tax withheld ($569.68) and the tax owed ($264).

The accuracy of plaintiff's documentation is unsubstantiated, as the court found in reviewing the evidence, including plaintiff's deposition testimony. Plaintiff failed to substantiate that the income he reported was accurate; that he actually had additional taxes withheld from that income; or that his claimed charitable deductions were legitimate. Given the foregoing, Mr. Thomas cannot overcome the presumption that the IRS records are correct. See KFOX, Inc., 510 F.2d at 1369. Since the IRS records indicate that plaintiff has been refunded $305.68 for his 1990 tax year, there is no basis for plaintiff's claim for an additional refund amount and the court grants summary judgment in favor of the government.

#### 2. 1994

■ Mr. Thomas attached a copy of a Form 1040EZ for the 1994 tax year seeking a refund of $1,046, and a Form 4684 which claims a casualty loss deduction in the amount of $8,650. Plaintiff's complaint thus seeks a refund of $1,046 for his 1994 taxable year. Plaintiff has not proffered copies of any W–2 Forms or any other document substantiating his contention that he paid additional taxes for 1994, suffered the claimed casualty losses, and is entitled to any refund for the 1994 tax year.

The IRS records for plaintiff's 1994 taxes are based on a Form 1040EZ completed by plaintiff and dated April 6, 1997. Def.App. B at B48–52, B86–92. The IRS records indicate that plaintiff filed his income tax return for 1994 on or about April 10, 1997. This Form 1040EZ combined income from 1993 and 1994. The IRS records also show that Mr. Thomas' 1994 tax return reported a federal income tax liability of $559 on a taxable income of $3,519 and an adjusted gross income of $9,769. The IRS records reflect that the only payment to plaintiff's 1994 account is a withholding credit in the amount of $719.19. Furthermore, the records indicate that the IRS sent an overpayment refund to Mr. Thomas on or about May 12, 1997, in the amount of $160.19 which is the difference between the tax reported ($559) and the withholding credits claimed ($719.19).

In light of the fact that plaintiff's scant and inadequate evidence differs from IRS records and plaintiff has not proffered any other evidence in support of his claim, he has not overcome the presumption that the IRS records are correct; that the IRS actually refunded plaintiff the proper amount; and that no further money is due plaintiff. See KFOX, Inc., 510 F.2d at 1369. Consequently, this court grants summary judgment in favor of the government with respect to plaintiff's claim for a refund for his 1994 tax year.

#### 3. 1995

■ Plaintiff seeks a refund in the amount of $1,871 for his 1995 tax year. Attached to plaintiff's complaint is a Form 1040EZ for 1995 and a Schedule A for 1995. Mr. Thomas has not provided any W–2 Forms or other documentation to further support his contentions that he did not receive his 1995 refund, that he paid additional taxes for 1995, and is entitled to a refund in the amount of $1,871.

The IRS records state that plaintiff filed his income tax return for 1995 on or about April 10, 1997. Def.App. B at B146. The records also indicate that Mr. Thomas' tax return for 1995 reported a federal income tax

liability of $433 on a taxable income of $2,899 and an adjusted gross income of $9,299. The records show a withholding credit in the amount of $643.69 for plaintiff's 1995 account. On or about May 19, 1997, according to IRS records, the IRS sent an overpayment refund to plaintiff in the amount of $210.69, the difference between the withholding credit and the tax owed. The IRS records for plaintiff's 1995 taxes are based on a Form 1040EZ completed by plaintiff and dated April 6, 1997. Def.App. B at B52–60. The return is actually a 1996 1040EZ Form and plaintiff included 1995 information on the tax return. Thus, plaintiff's 1995 tax return also erroneously included income earned in 1996, which is not permissible under the annual accounting procedures for federal income tax. *See Burnet v. Sanford,* 282 U.S. 359, 51 S.Ct. 150, 75 L.Ed. 383 (1931). The tax return also failed to include additional income reported on a Form W–2 in the amount of $3,087.53. *Id.;* Def.App. B at B93–111. In addition, the IRS corrected an arithmetical error made by plaintiff and disallowed plaintiff's claim for the earned income credit because plaintiff's income exceeded the limit for the credit. *See* 26 U.S.C. § 32. Also, plaintiff could not claim the Schedule A deductions expenses on the Form 1040EZ inasmuch as tax regulations preclude individuals from claiming the standard deduction set forth in the Form 1040EZ and simultaneously attempting to claim an itemized deduction. *See* 26 U.S.C. § 63.

Given the fact that plaintiff has not provided any evidence which would overcome the presumption that the IRS records are correct, *see KFOX, Inc.,* 510 F.2d at 1369, and the records indicate that plaintiff has received a full refund for the 1995 tax year, this court must grant summary judgment with regard to plaintiff's claim.

### 3. 1996

■ Again, Mr. Thomas is unable to defeat summary judgment with respect to his claim for a refund based on his 1996 tax return. Attached to plaintiff's complaint is a 1040EZ Form for 1996 signed on May 5, 1997, seeking a refund of $640. Also included is a Form 4684 for casualty or theft losses, which is unacceptable under IRS regulations insofar as such losses must be reported on a Schedule A form for itemized deductions. Mr. Thomas, as before, has not proffered any other documentation to substantiate his contention that he did not receive his refund for his 1996 taxes.

Instead, IRS records indicate that plaintiff filed his income tax return for 1996 on or about June 16, 1998. The IRS records show that plaintiff's 1996 return reported a tax liability of $186 on a taxable income of $1,249 and an adjusted gross income of $7,799. Two payments with respect to plaintiff's 1996 account are reflected on the IRS' records—a withholding credit in the amount of $408 and an earned income credit in the amount of $132, which was improperly granted. IRS records indicate that plaintiff was sent an overpayment refund on or about July 13, 1998, in the amount of $354, the difference between the amount of tax owed ($186) and the credits ($540). The IRS sent plaintiff a refund check on July 13, 1998. However, the check was not delivered to plaintiff but was returned and deposited as a credit on his account.

First, plaintiff cannot overcome the presumption that the IRS documents are correct insofar as he has not provided any documentation to refute the IRS records. Second, while it would appear that the IRS continues to owe plaintiff $354 for his 1996 tax refund, since it has been established that plaintiff owes an unpaid balance for his 1991 tax year, the amount owed plaintiff for his 1996 tax refund should be credited to his 1991 unpaid balance ($2,725.17). *See* 26 U.S.C. § 6402.[4] Consequently, it is plaintiff who owes the IRS $2371.17, the difference between his 1991 unpaid balance and his 1996 tax refund. Accordingly, the court grants the govern-

---

**4.** Title 26 U.S.C. § 6402(a) states:

In the case of any overpayment, the Secretary, within the applicable period of limitations, may credit the amount of such overpayment, including any interest allowed thereon, against any liability in respect of an internal revenue tax on the part of the person who made the overpayment and shall, subject to subsections (c), (d) and (e), refund any balance to such person.

 

ment's summary judgment motion in this regard.

#### 4. 1997

Lastly, plaintiff seeks a refund of $440.53 for his 1997 taxable year. Attached to plaintiff's complaint is a 1040EZ Form for 1997 dated March 18, 1996 and a Form 4684 for casualty/theft losses. These documents are found in the IRS' files. Def.App. B at B172–73. IRS records indicate that plaintiff filed his income tax return for 1997 on or about March 23, 1999. Def.App. B at B152. IRS records show that plaintiff's 1997 tax return reported a federal income tax liability of $626 on a taxable income of $4,173 and an adjusted gross income of $10,973. There is a payment to plaintiff's account for a withholding credit in the amount of $747.53. *Id.* The IRS records also show that the IRS transferred an overpayment credit in the amount of $121.53 (the difference between the tax liability and the withholding credit) to plaintiff's unpaid balance for his 1991 tax year. *Id.*

The IRS records for 1997 include the original of a Form 1040EZ, prepared by plaintiff and dated March 18, 1996, which is date stamped received on March 23, 1999; a copy of the same form which is date-stamped received on April 6, 1999; and a Form 4684 on which plaintiff claims casualty/theft losses. Def.App. B at B66–70. The IRS rejected plaintiff's claim on the Form 1040EZ for the earned income credit in the amount of $319 since he was not eligible for that credit due to his income level, which exceeded the limit for the section 32 credit that year. Def.App. B at B66–70. *See* 26 U.S.C. § 32.

Plaintiff has presented no evidence that overcomes the presumption that the IRS records are correct. Mr. Thomas has also not demonstrated that the overpayment of $121.53 was improperly credited to plaintiff's unpaid balance for 1991. *See* 26 U.S.C. § 6402. Furthermore, plaintiff has failed to provide substantiation for his alleged casualty/theft losses in 1997 and it is noteworthy that such losses, in any event, are not properly claimed on the 1040EZ Form. Consequently, plaintiff has failed to demonstrate that he is owed a refund based on the 1997 tax year and this court grants the government's motion for summary judgment with respect to plaintiff's claim for a refund for the 1997 tax year.

### V. Conclusion

Accordingly, it is hereby **ORDERED** that:

(1) Defendant's Motion to Dismiss, in part, and Motion for Summary Judgment is **GRANTED**;

(2) The Clerk's office is directed to enter judgment for defendant, dismissing plaintiff's complaint with prejudice; and

(3) Each party shall bear its own costs.