# ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of -- | ) |
| | ) |
| B3 Solutions LLC | ) ASBCA No. 60654 |
| | ) |
| Under Contract No. SP4701-14-C-0046 | ) |

APPEARANCE FOR THE APPELLANT: Ms. Sharon Y. Thorpe
Contracts Vice President

APPEARANCES FOR THE GOVERNMENT: Daniel K. Poling, Esq.
DLA Chief Trial Attorney
John F. Basiak, Jr., Esq.
Theodore E. Lorenz, Esq.
Trial Attorneys
DLA Troop Support
Philadelphia, PA

## OPINION BY ADMINISTRATIVE JUDGE PEACOCK
## ON THE GOVERNMENT'S MOTION TO DISMISS FOR LACK OF JURISDICTION

The Defense Logistics Agency (DLA) moves to dismiss this appeal for lack of jurisdiction on the basis that B3 Solutions LLC (B3 Solutions) is a second-tier subcontractor with whom the government has no privity of contract. We grant DLA's motion and dismiss the appeal for lack of jurisdiction.

## STATEMENT OF FACTS (SOF) FOR PURPOSES OF THE MOTION

1. DLA and Resource Metrix entered into Contract No. SP4701-14-C-0046 (contract) on 31 July 2014 for program management and technical support services for the Wide Area Work Flow (WAWF) program management office (R4, tab 1). The contract contains DFARS 252.219-7009, SECTION 8(A) DIRECT AWARD (SEP 2007), which states, in relevant part:

> a) This contract is issued as a direct award between the contracting office and the 8(a) Contractor pursuant to the Partnership Agreement between the Small Business Administration (SBA) and the Department of Defense. Accordingly, the SBA, even if not identified in Section A of this contract, is the prime contractor and retains responsibility for 8(a) certification, for 8(a) eligibility

determinations and related issues, and for providing counseling and assistance to the 8(a) Contractor under the 8(a) Program.

(R4, tab 1 at 21)

2. By document signed 1 August 2014, Resource Metrix entered into an agreement with Supreme Solutions for work on the contract (notice of appeal (NOA), attach. 1*).

3. By document signed 20 October 2014, Supreme Solutions, Inc., entered into an agreement with B3 Solutions to provide WAWF operations support (NOA, attach. 2).

4. DLA noted performance deficiencies on Resource Metrix's part and reduced Resource Metrix's April, May, and June invoices in 2015 by 20%. Resource Metrix subsequently reduced payment to its subcontractors. (NOA at 2)

5. B3 Solutions submitted, in its own name, a claim, dated 2 June 2016, to a DLA contracting officer seeking to recover $56,064.25 from DLA for unpaid services (R4, tab 2).

6. DLA denied B3 Solutions' claim by a contracting officer's final decision, dated 14 June 2016 (R4, tab 3). B3 Solutions appealed to this Board on 28 June 2016. B3 Solutions' notice of appeal did not include documentation showing it was submitted with the consent and cooperation, or sponsorship of Resource Metrix or Supreme Solutions.

## DECISION

DLA moves to dismiss this appeal for lack of jurisdiction, asserting that B3 Solutions lacks contractual privity with the government. B3 Solutions argues that it does have contractual privity since the contract was a directed 8(a) award from the SBA and the SBA in turn subcontracted the work out. Therefore, B3 Solutions argues, it has contractual privity with the government through SBA.

B3 Solutions bears the burden of establishing the Board's jurisdiction by a preponderance of the evidence. *Reynolds v. Army & Air Force Exchange Service*,

---

* In its notice of appeal, B3 Solutions states that the document at attachment 1 is the "Prime Contract Number SP4701-14-C-0034 Terminated for Convenience" (NOA at 1). However, the document at attachment 1 is the agreement between Resource Metrix and Supreme Solutions.

2

846 F.2d 746, 748 (Fed. Cir. 1988); *Total Procurement Service, Inc.*, ASBCA No. 53258, 01-2 BCA ¶ 31,436 at 155,237.

Under the Contracts Dispute Act (CDA), only a contractor may appeal to the Board from a contracting officer's final decision. *Rahil Exports*, ASBCA No. 56832, 10-1 BCA ¶ 34,355 at 169,646; 41 U.S.C. § 7104(a). The CDA defines "contractor" as "a party to a Federal Government contract other than the Federal Government." 41 U.S.C. § 7101(7). Parties that are not in privity of contract with the government normally may not avail themselves of the CDA's appeal provisions. *Binghamton Simulator Company*, ASBCA No. 59117, 14-1 BCA ¶ 35,715 at 174,871. The CDA is a waiver of sovereign immunity, and as such it must be strictly construed. *Winter v. FloorPro, Inc.*, 570 F.3d 1367, 1370 (Fed. Cir. 2009).

"Aggrieved subcontractors have the option of enforcing their subcontract rights against the prime contractor in appropriate proceedings, or of prosecuting a claim against the government through and in right of the prime contractor's contract, and with the prime contractor's consent and cooperation." *Erickson Air Crane Co. of Washington, Inc. v. United States*, 731 F.2d 810, 813 (Fed. Cir. 1984). Only in very limited and rare circumstances can a subcontractor bring a direct claim against the government, such as when the prime contractor acts as a government agent or when the contract documents indicate that the government intended to allow direct subcontractor appeals. *United States v. Johnson Controls, Inc.*, 713 F.2d 1541, 1551-56 (Fed. Cir. 1983).

Here, B3 Solutions argues that it has contractual privity with the government because the contract was a direct 8(a) award from the SBA and the SBA in turn subcontracted the work out. We need not address SBA's role in this contract because, even if B3 Solutions' assertion is correct, it still would not have contractual privity with the government since it is a second-tier subcontractor that contracted with Supreme Solutions, and not DLA or the SBA (SOF ¶¶ 1-3). B3 Solutions also fails to show that any of the limited or rare circumstances which would allow it to bring a direct claim against the government apply here.

B3 Solutions argues that *FloorPro, Inc.*, ASBCA No. 54143, 04-1 BCA ¶ 32,571, *vacated, Winter*, 570 F.3d at 1371-73; and *D&H Distributing Co. v. United States*, 102 F.3d 542 (Fed. Cir. 1996) provide a basis for jurisdiction. Neither case allows B3 Solutions to bring a direct claim against the government. In *D&H*, the court held that although the subcontractor "was not a party to the contract," it "enjoys the status of a third party beneficiary with respect to the payment clause of the modified contract and is therefore entitled to enforce that clause against the government." *D&H*, 102 F.3d at 546. *D&H* invoked the Court of Federal Claims' jurisdiction under the Tucker Act, not the CDA. *Winter*, 570 F.3d at 1372. In *FloorPro*, the Board concluded based on *D&H*, that there was an exception to the CDA's privity requirement for subcontractors qualifying as third-party beneficiaries of contracts

between the government and the prime contractor. *FloorPro*, 04-1 BCA ¶ 32,571 at 161,183-84. However, the court in *Winter* vacated the Board's decision and held that the Board's ruling in *FloorPro* was erroneous and that no such exception to the CDA's privity requirement exists for third-party beneficiaries. *Winter*, 570 F.3d at 1371-73. Thus, we need not address whether B3 Solutions is a third-party beneficiary of the contract because, even if B3 Solutions' assertion is correct, it would not be allowed to bring a direct claim against the government.

## CONCLUSION

Because B3 Solutions fails to establish a basis allowing it to appeal directly to the Board, the Board lacks jurisdiction and the appeal is dismissed.

Dated: 1 December 2016

ROBERT T. PEACOCK
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

MARK N. STEMPLER
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 60654, Appeal of B3 Solutions LLC, rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals

4