# ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of -- | ) |
| | ) |
| Black Tiger Company | )     ASBCA No. 59819 |
| | ) |
| Under Contract No. W91GXE-11-P-0083 | ) |

APPEARANCE FOR THE APPELLANT:    Mr. Kadhom Husein Faraj
    Owner

APPEARANCES FOR THE GOVERNMENT:    Raymond M. Saunders, Esq.
    Army Chief Trial Attorney
    MAJ Michael G. Pond, JA
    Trial Attorney

## OPINION BY ADMINISTRATIVE JUDGE PAGE ON THE GOVERNMENT'S MOTION TO DISMISS FOR LACK OF JURISDICTION

This appeal arises out of a certified claim submitted by appellant Black Tiger Company (Black Tiger or appellant) to the Department of the Army (Army or government) seeking payment under a contract that the government contends does not exist. The government has filed a motion to dismiss alleging that the Board lacks jurisdiction over this appeal under the Contract Disputes Act, 41 U.S.C. §§ 7101-7109 (CDA). For the reasons set forth below, we deny the motion.

## STATEMENT OF FACTS (SOF) FOR PURPOSES OF THE MOTION

1. On 5 February 2015, appellant filed a notice of appeal with the Board alleging that it has not been paid for equipment it provided to the Army at a military installation in Tallil, Iraq, under Contract No. W91GXE-11-P-0083 (contract).

2. The notice of appeal forwarded a number of documents, including (a) an exchange of emails between appellant and the Army dated from 20 January 2015 to 1 February 2015 concerning appellant's request for payment (R4, tab 4);[1] (b) an email exchange dated 3 February 2015 between appellant and a person purporting to be the contracting officer's representative (COR) on appellant's contract (R4, tab 6); (c) an email dated 4 February 2015 from appellant to the Army seeking the Army's decision

___

[1] The Board notes that the last email in this exchange submitted by appellant with its notice of appeal is dated 1 February 2015, but the corresponding email in the government's Rule 4 file is dated 31 January 2015. The Board assumes this difference in dates is due to the time difference between the email's point of origin in the United States and its point of receipt in Iraq.

on its request for payment (R4, tab 7 at 1); (d) a CDA certification dated 3 February 2015 signed by appellant's owner (*id.* at 4); (e) a Standard Form (SF) 1449 (*id.* at 3), which appellant identified as the first page of the contract (*id.* at 1), signed by a person identified as the contracting officer (CO) on 7 December 2010 and by appellant's owner on 8 December 2010 (*id.* at 3); and (f) an undated document identified as Invoice No. 776 for two items of heavy equipment (*id.* at 2). Appellant provided the SF 1449 and Invoice No. 776 to the Army in an email dated 26 January 2015 (R4, tab 4 at 1-2), and asserted in its 4 February 2015 email that these were the only contract documents still in its possession, the others having been lost (R4, tab 7 at 1).

3. The email exchange dated 3 February 2015 between appellant and "Park Link," the person purported to be the COR, was initiated by appellant.[2] In this exchange, appellant requested the recipient, who signed "Meelondrell," to provide it with a copy of the "contract documents." (R4, tab 6) The reply, which came from a private email account, stated that she would send the documents requested by appellant to the "assigned contracting authority" (*id.*). The record has now been supplemented with those documents, and an email signed "Meelondrell Park" stated that she "can confirm [the contract] does exist" (R4, tabs 1-3, tab 10 at 2).

4. On 12 March 2015, the government moved to dismiss for lack of jurisdiction, alleging that there is no evidence that the contract identified by appellant actually exists (gov't mot. at 2-3). By order dated 16 March 2015, the Board directed the government to address whether appellant had submitted a certified claim and the date the government received the claim; whether the appeal was premature; and whether the government's answers to any of these questions affected the Board's jurisdiction.

5. On 15 April 2015, the government filed its response to the Board's 16 March 2015 order. In its response, the government concluded that appellant filed a properly certified claim on 3 February 2015 (gov't resp. at 2). The government also noted that although appellant's notice of appeal was filed only 48 hours after it submitted its claim, more than 60 days had elapsed since that date and requiring appellant to refile its appeal would serve little purpose (*id.* at 3). The government then renewed its request that the Board dismiss the appeal for lack of jurisdiction, again alleging that there is no evidence that the contract upon which it is based exists (*id.*).

6. Attached to the government's 15 April 2015 response was a declaration dated 14 April 2015 from a CO employed at the United States Army Contracting Command – Rock Island (ACC-RI) (gov't resp., decl. ¶ 1). The ACC-RI regularly assists with the resolution of contracts previously awarded in Iraq and Afghanistan and serves as a repository for contracts awarded in those two countries (*id.*). In his declaration, the ACC-RI CO averred that he had searched various government contract

---

[2] Appellant refers to this person as the COR in its response to the motion to dismiss.

retrieval and archival systems but had been unable to find any information related to the contract documents submitted by appellant (*id.* ¶ 2).

## DECISION

The government has moved to dismiss this appeal for lack of jurisdiction, alleging that there is no evidence a contract actually exists (gov't mot. at 2-3). Appellant bears the burden of establishing the Board's jurisdiction by a preponderance of the evidence. *Reynolds v. Army & Air Force Exchange Service*, 846 F.2d 746, 748 (Fed. Cir. 1988); *Total Procurement Service, Inc.*, ASBCA No. 53258, 01-2 BCA ¶ 31,436 at 155,237.

The CDA describes the burden appellant must satisfy:

> The Armed Services Board has jurisdiction to decide any appeal from a decision of a contracting officer of the Department of Defense, the Department of the Army, the Department of the Navy, the Department of the Air Force, or the National Aeronautics and Space Administration *relative to a contract made by that department or agency.*

41 U.S.C. § 7105(e)(1)(A) (emphasis added).[3] Under the CDA, appellant "need only allege the existence of a contract to establish the Board's jurisdiction." *American General Trading & Contracting, WLL*, ASBCA No. 56758, 12-1 BCA ¶ 34,905 at 171,640 (citing *Engage Learning, Inc. v. Salazar*, 660 F.3d 1346, 1353 (Fed. Cir. 2011)); *see Dongbuk R&U Engineering Co.*, ASBCA No. 58300, 13 BCA ¶ 35,389 at 173,637 (appellant's non-frivolous assertion of a contract was sufficient to establish jurisdiction). This burden does not require appellant to prove that a contract actually exists, as that question goes to the merits of appellant's claim rather than the Board's jurisdiction. *See Tele-Consultants, Inc.*, ASBCA No. 58129, 13 BCA ¶ 35,234 at 172,994; *American General Trading*, 12-1 BCA ¶ 34,905 at 171,640.

The government cites two cases in support of its motion to dismiss, both of which are distinguishable on their facts. In *West Point Research, Inc.*, ASBCA No. 27185, 83-2 BCA ¶ 16,845, appellant, then a valid corporation, submitted a bid to the government, but while the parties were still engaged in discussions, appellant was dissolved by forfeiture. *Id.* at 83,830. The Board held that appellant's dissolution extinguished its capacity to enter into contracts, and therefore the government's later acceptance of the bid was ineffective. *Id.* at 83,832. Because a contract never came into existence, the Board held that it lacked jurisdiction. *Id.*

---

[3] Inasmuch as we do not have a complete copy of the contract, we do not know which disputes clause it contains.

3

In *Robert B. Beachboard, ta Save Columbia Council*, ASBCA No. 33362, 87-1 BCA ¶ 19,532, appellant never provided any information about any actual contract it had been awarded or any CO's final decision from which it was appealing. *Id.* at 98,702-03. The Board ultimately found that appellant had made an unsolicited offer of a contract to the government, but because the government never accepted it, no contract was created. *Id.* at 98,703. Thus the Board again held that it lacked jurisdiction. *Id.* at 98,704.

In contrast, here the government has not alleged that appellant lacked the capacity to enter into the contract. Moreover, appellant's notice of appeal included (1) a contract number; (2) an SF 1449 that identified appellant on the first page of the contract as the contractor; and (3) a document appellant asserted was an invoice for the equipment provided under the contract (SOF ¶ 2). Although the government states that it has been unable to locate a copy of the contract in various government databases (SOF ¶ 6), the question of whether a valid contract exists goes to the merits of the appeal and does not affect the Board's jurisdiction over the appeal. *See American General Trading*, 12-1 BCA ¶ 34,905 at 171,640; *Tele-Consultants,* 13 BCA ¶ 35,234 at 172,994; *see also Tokyo Company*, ASBCA No. 59709-953, 15-1 BCA ¶ 35,888 at 175,448 (fact that government did not believe contract actually existed was a challenge to the merits of appellant's claim where appellant petitioned the Board to direct the CO to issue a final decision).

## CONCLUSION

Appellant has made a non-frivolous assertion of a contract sufficient to establish our jurisdiction. The government's motion is denied.

Dated: 29 June 2016

REBA PAGE
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

MARK N. STEMPLER
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 59819, Appeal of Black Tiger Company, rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals