ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of -- ) | |
| ) | |
| Kandahar Gravel Supplies and Logistics ) | ASBCA No. 60531 |
| ) | |
| Under Contract No. W91B4L-11-P-0133 ) | |

APPEARANCE FOR THE APPELLANT:    Mr. Asadullah Qureshi
    President

APPEARANCES FOR THE GOVERNMENT:    Raymond M. Saunders, Esq.
    Army Chief Trial Attorney
    CPT Sarah E. Park, JA
    Trial Attorney

## OPINION BY ADMINISTRATIVE JUDGE D'ALESSANDRIS ON THE GOVERNMENT'S MOTION TO DISMISS FOR LACK OF JURISDICTION

Appellant seeks review of a contracting officer's final decision denying its request for payment for work it alleges it performed on a contract with the United States Department of the Army (Army) in Afghanistan. The Army has moved to dismiss this appeal, arguing that appellant failed to submit a certified claim to the contracting officer as required pursuant to the Contract Disputes Act (CDA), 41 U.S.C. §§ 7101-7109. Appellant has opposed the motion. We grant the motion and dismiss the appeal.

## STATEMENT OF FACTS (SOF) FOR PURPOSES OF THE MOTION

1. On 25 November 2010, the Army awarded Contract No. W91B4L-11-P-0133 (Contract 0133) to appellant, in the amount of 1,750,026 Afghani (AFN), for the provision of gravel and other supplies and services at the 43rd Sustainment Brigade at Kandahar Airfield in Kandahar, Afghanistan. Performance was to begin 1 December 2010 and run through 15 January 2011. (R4, tab 4 at 7)

2. The Army alleges that appellant in fact never commenced performance on the contract (gov't mot. at 2). As a result, the Army issued a Notice of Termination for Cause effective 8 January 2011 and a modification dated 28 May 2011 effecting the termination (R4, tabs 5, 8).

3. The record contains no evidence of contact between the parties for the following four years until appellant contacted the Army, by email dated 25 October 2015, forwarding an invoice and requesting payment for work it alleged it performed under Contract 0133. Thereafter the parties exchanged several emails, also dated 25 October 2015, concerning appellant's request for payment (R4, tab 9 at 3).

When the Army informed appellant that Contract 0133 had been terminated for cause and closed out, appellant replied that it had a number of documents proving its entitlement to payment under the contract (*id.* at 2).

4. Between 25 October 2015 and 2 January 2016, appellant contacted the Army numerous times forwarding documents and seeking information regarding its request for payment (R4, tabs 9-11). By email dated 22 January 2016, the Army Contracting Command in Rock Island, Illinois (ACC-RI) notified appellant that it had received appellant's documents for review (R4, tab 12).

5. Appellant and a contract specialist at ACC-RI communicated by email several times in February 2016. By email dated 9 February 2016, appellant forwarded to her a copy of a DD250, Material Inspection and Receiving Report, dated 20 February 2011, and an invoice dated 12 March 2010 (R4, tab 13 at 1, 4-7). The DD250 identified the contract as Contract 0133 and stated it was for Invoice No. KG-0061, but the invoice appellant submitted was identified as Invoice No. KG-0020 and listed a different contract number, W91B4L-10-P-1030 (Contract 1030). Both the DD250 and invoice number 0020 listed a payment amount of 30,274,702 AFN. (*Id.* at 4-6)

6. The contract specialist informed appellant that the invoice it forwarded listed the wrong contract number and an incorrect payment amount and requested appellant to submit an invoice for Contract 0133 (R4, tab 14 at 1). Appellant responded not with the requested invoice but with a copy of what it alleged was Contract 0133. Appellant's version of Contract 0133 contained an award date of 10 January 2010 and payment amount of 30,274,702 AFN (R4, tab 15 at 5), which did not match the award date of 25 November 2010 and payment amount of 1,750,026 AFN appearing in the Army's version of Contract 0133 (R4, tab 4).

7. By email dated 26 February 2016, appellant forwarded to the contract specialist an undated memorandum for record (MFR) signed by a person identified as an Army contracting officer located in Afghanistan. The MFR referenced Contract 0133 and Invoice No. KG-0061 and stated "I confirm the vendor referenced above [appellant] performed, delivering goods and or services and therefore entitled to be paid." The payment amount was listed as 30,274,702 AFN. (R4, tab 20) The record contains no evidence that appellant filed any additional documents with the Army prior to filing its notice of appeal with the Board.

8. By letter dated 24 March 2016, the contracting officer at ACC-RI issued a final decision denying appellant's request for payment on the basis that no contract existed in the Army's contracting database that matched any of the information provided by appellant (R4, tab 25).

9. By email dated 12 April 2016, appellant filed its notice of appeal with the Board, which we docketed on 13 April 2016. In response to the Army's motion to dismiss for lack of jurisdiction, appellant has produced additional materials not included in the Rule 4 file which it contends support its request for payment. These include an email dated 10 January 2011 from a person identified as an Army contracting officer stating she was forwarding a copy of Contract 0133 to appellant and referencing a payment amount of 30,274,702 AFN. Appellant also produced an email dated 28 February 2011 from the same individual stating "I have forwarded your invoice for [Contract 0133] for payment process and you will get the payment within 30 days" (Bd. corr. dtd. 19 August 2016, attachs.).

10. Using conversion rates listed on the Department of Treasury website as of 31 December 2015,* the dollar value of Invoice No. KG-0061 is $445,871.90. Neither the Rule 4 file nor any of the documents submitted by appellant to the Board contain a signed statement from appellant that includes the certification language, in whole or in part, found at 41 U.S.C. § 7103(b) for claims exceeding $100,000.

## DECISION

The Army moves to dismiss this appeal, arguing that the Board lacks jurisdiction because appellant failed to file a claim with the contracting officer prior to bringing its appeal to the Board (gov't mot. at 4). The Army characterizes appellant's submission to the Army as a request for payment of an unpaid invoice, and notes that pursuant to FAR 2.101, a routine request for payment that is not in dispute when submitted is not a claim (*id.*). Alternatively, the government argues that appellant's failure to certify its submission as required by 41 U.S.C. § 7103(b) deprives the Board of jurisdiction (*id.* at 4-5).

Appellant, as the proponent of the Board's jurisdiction, bears the burden of proving the Board's subject matter jurisdiction by a preponderance of the evidence. *Reynolds v. Army & Air Force Exchange Service*, 846 F.2d 746, 748 (Fed. Cir. 1988); *United Healthcare Partners, Inc.*, ASBCA No. 58123, 13 BCA ¶ 35,277 at 173,156. Pursuant to the CDA, "[e]ach claim by a contractor against the Federal Government relating to a contract shall be submitted to the contracting officer for a decision." 41 U.S.C. § 7103(a)(1). For contractor claims exceeding $100,000, the contractor must certify that:

---

* At all relevant dates the exchange rate would convert 30,274,702 AFN to a dollar amount exceeding $100,000.

> (A) the claim is made in good faith;
>
> (B) the supporting data are accurate and complete to the best of the contractor's knowledge and belief;
>
> (C) the amount requested accurately reflects the contract adjustment for which the contractor believes the Federal Government is liable; and
>
> (D) the certifier is authorized to certify the claim on behalf of the contractor.

41 U.S.C. § 7103(b).

Although the CDA does not define the term "claim," the Federal Acquisition Regulation (FAR) does:

> *Claim* means a written demand or written assertion by one of the contracting parties seeking, as a matter of right, the payment of money in a sum certain, the adjustment or interpretation of contract terms, or other relief arising under or relating to the contract. However, a written demand or written assertion by the contractor seeking the payment of money exceeding $100,000 is not a claim under 41 U.S.C. Chapter 71, Contract Disputes, until certified as required by the statute. A voucher, invoice, or other routine request for payment that is not in dispute when submitted is not a claim. The submission may be converted to a claim, by written notice to the contracting officer as provided in 33.206(a), if it is disputed either as to liability or amount or is not acted upon in a reasonable time.

FAR 2.101.

We need not discuss the government's contention that appellant's submission to the contracting officer was an unpaid invoice rather than a claim. Assuming, *arguendo*, that appellant's submission otherwise meets the FAR definition of "claim," a written demand seeking the payment of money exceeding $100,000 cannot be a claim under the CDA unless it has been properly certified. *New Iraq Ahd Company*, ASBCA No. 58800, 14-1 BCA ¶ 35,479 at 173,953; FAR 2.101. Although appellant's submission to the contracting officer sought payment in an amount that exceeds $100,000, the record contains no evidence that appellant ever submitted the required certification to the contracting officer prior to filing this appeal (SOF ¶ 10). Certification "is a jurisdictional prerequisite that must be satisfied by the contractor before it may appeal the contracting officer's claim denial." *Abdul Ahad Khadim Construction Company*, ASBCA No. 59206, 14-1 BCA ¶ 35,694 at 174,765 (quoting *Tefirom Insaat Enerji Sanayi ve Ticaret A.S.*, ASBCA No. 56667, 11-1 BCA ¶ 34,628 at 170,630). While a defective

4

certification does not deprive the Board of jurisdiction, 41 U.S.C. § 7103(b)(3), the complete absence of a certification is not a jurisdictional defect that can be corrected and therefore dictates dismissal. *Al Rafideen Company*, ASBCA No. 59156, 15-1 BCA ¶ 35,983 at 175,808. Appellant's failure to submit the required certification to the contracting officer is fatal to our jurisdiction and requires dismissal of this appeal.

## DECISION

The Army's motion to dismiss this appeal for lack of jurisdiction is granted. The appeal is dismissed without prejudice to appellant submitting a properly certified claim to the contracting officer.

Dated: 6 March 2017

DAVID D'ALESSANDRIS
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

MARK N. STEMPLER
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 60531, Appeal of Kandahar Gravel Supplies and Logistics, rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals

5