# ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of -- | ) |
| | ) |
| Sea Cycle Construction Company | )     ASBCA No. 61671 |
| | ) |
| Under Contract No. W91B4L-10-C-0229 | ) |

APPEARANCE FOR THE APPELLANT:     Mr. Abdul Jabar
Vice President

APPEARANCES FOR THE GOVERNMENT:     Raymond M. Saunders, Esq.
Army Chief Trial Attorney
MAJ Bruce H. Robinson, JA
Trial Attorney

## OPINION BY ADMINISTRATIVE JUDGE PROUTY ON THE GOVERNMENT'S MOTION TO DISMISS FOR LACK OF JURISDICTION

Sea Cycle Construction Company (appellant) appeals from a contracting officer's final decision denying its claim for payment under a contract for construction work in Afghanistan. The Army has moved to dismiss for lack of jurisdiction because appellant failed to certify its claim as required under the Contract Disputes Act (CDA), 41 U.S.C. §§ 7101-7019. Appellant opposes the Army's motion. We grant the motion and dismiss the appeal.

## STATEMENT OF FACTS FOR PURPOSES OF THE MOTION

On August 6, 2010, the Army awarded Contract No. W91B4L-10-C-0229 (contract) to appellant for site preparation, installation of a perimeter fence and gates, and construction of a reinforced concrete pad at Kandahar Airfield, Afghanistan (R4, tab 1 at 1-5). The contract included Federal Acquisition Regulation (FAR) 52.211-10, COMMENCEMENT, PROSECUTION, AND COMPLETION OF WORK (APR 1984), which required appellant to commence performance within 5 calendar days after receipt of notice to proceed (NTP) and complete the work no later than 60 days from the date of receiving the NTP (*id.* at 9).

By email dated August 6, 2010, the contracting officer forwarded an NTP to appellant which stated that appellant had five days from August 6, 2010, to begin performance, and that the work had to be completed by October 5, 2010 (R4, tab 8 at 5-6). Appellant returned the NTP to the contracting officer by email dated August 7, 2010, and requested that the Army meet with its representatives at the work site the following day to discuss badging issues for appellant's employees (*id.* at 5-7).

Although the parties exchanged several emails between August 8 and August 10, 2010, arranging for times to meet, the proposed meeting never occurred because appellant was never able to gain access to the work site (*id.* at 7-13).

By email dated August 11, 2010, the Army contracting officer notified appellant that because it was not able to begin performance on the date required by the NTP, the Army would be pursuing a no-cost cancellation of the contract (R4, tab 8 at 13). The Army then cancelled the contract in its entirety through a modification dated August 11, 2010 (R4, tab 2), and, by email dated August 13, 2010, forwarded a copy of the modification to appellant requesting its signature (R4, tab 8 at 14). Appellant refused to sign the modification, instead insisting that it was ready to perform the contract (*id.* at 15).

By email dated March 25, 2018, appellant submitted a claim to the Army Contract Command in Rock Island, Illinois (ACC-RI), seeking payment in the amount of $342,590 for the inventory it allegedly purchased in preparation for performing the contract (R4, tab 8 at 1-3). Appellant included a copy of the contract, the NTP, the email traffic between the parties in August 2010, and receipts for the purchased inventory (*id.* at 4-19). Appellant's claim did not include a signed statement that includes the certification language, in whole or in part, found at 41 U.S.C. § 7103(b) for claims exceeding $100,000; nor was any such statement found elsewhere in the Rule 4 file, or in any of the submissions from appellant to the Board (R4, tab 8).

By letter dated June 12, 2018, the ACC-RI contracting officer denied appellant's claim because appellant had failed to file a certified claim within the CDA six-year statute of limitations (R4, tab 12). Appellant timely filed its notice of appeal with the Board by email dated June 27, 2018.

## DECISION

The Army has moved to dismiss this appeal for lack of jurisdiction on the basis that appellant failed to certify its claim as required under 41 U.S.C. § 7103(b). Appellant objects to the motion, stating that it has provided all documents showing it is legally entitled to recover on its claim.

Appellant bears the burden of proving the Board's subject matter jurisdiction by a preponderance of the evidence. *Reynolds v. Army & Air Force Exchange Service*, 846 F.2d 746 (Fed. Cir. 1988); *United Healthcare Partners, Inc.*, ASBCA No. 58123, 13 BCA ¶ 35,277 at 173,156. Under the CDA, "[e]ach claim by a contractor against the Federal Government relating to a contract shall be submitted to the contracting officer for a decision." 41 U.S.C. § 7103(a)(1). In addition, for claims exceeding $100,000, the contractor must certify that:

2

(A) the claim is made in good faith;

(B) the supporting data are accurate and complete to the best of the contractor's knowledge and belief;

(C) the amount requested accurately reflects the contract adjustment for which the contractor believes the Federal Government is liable; and

(D) the certifier is authorized to certify the claim on behalf of the contractor.

41 U.S.C. § 7103(b); *see* FAR 2.101 (definition of claim).

Certification "is a jurisdictional prerequisite that must be satisfied by the contractor before it may appeal the contracting officer's claim denial." *Kandahar Gravel Supplies and Logistics*, ASBCA No. 60531, 17-1 BCA ¶ 36,688 at 178,632 (quoting *Abdul Ahad Khadim Construction Co.*, ASBCA No. 59206, 14-1 BCA ¶ 35,694 at 174,765). While a defective certification does not deprive the Board of jurisdiction, 41 U.S.C. § 7103(b)(3), the complete absence of a certification is a jurisdictional defect that cannot be corrected. *Al Rafideen Co.*, ASBCA No. 59156, 15-1 BCA ¶ 35,983 at 175,808. Here, appellant's claim sought payment in an amount that exceeds $100,000, but the record contains no evidence that appellant ever submitted the required certification to the contracting officer prior to filing this appeal. Accordingly, we do not possess jurisdiction to hear this appeal.

## CONCLUSION

The Army's motion to dismiss this appeal for lack of jurisdiction is granted. The appeal is dismissed without prejudice to appellant submitting a properly certified claim to the contracting officer.

Dated: October 15, 2018

J. REID PROUTY
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

(Signatures continued)

3

I concur

I concur

JOHN J. THRASHER
Administrative Judge
Chairman
Armed Services Board
of Contract Appeals

ROBERT T. PEACOCK
Administrative Judge
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 61671, Appeal of Sea Cycle Construction Company, rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals

4