ARMED SERVICES BOARD OF CONTRACT APPEALS

| | | |
|---|---|---|
| Appeal of -- | ) | |
| | ) | |
| Interaction Research Institute, Inc. | ) | ASBCA No. 61505 |
| | ) | |
| Under Contract No. 000000-00-0-0000 | ) | |

APPEARANCE FOR THE APPELLANT:      Ms. Barba B. Affourtit
Vice President

APPEARANCES FOR THE GOVERNMENT:      Craig D. Jensen, Esq.
Navy Chief Trial Attorney
John W. Torresala, Esq.
Erin L. Hernandez, Esq.
Russell R. Henry, Esq.
Trial Attorneys
Western Area Counsel Office
Camp Pendleton, CA

## OPINION BY ADMINISTRATIVE JUDGE WOODROW ON THE GOVERNMENT'S MOTION TO DISMISS FOR LACK OF JURISDICTION

The Department of the Navy (government) moves to dismiss this appeal for lack of jurisdiction, asserting that Interaction Research Institute, Inc. (appellant), did not file a claim subject to the Contracts Disputes Act (CDA), 41 U.S.C. §§ 7101-7109 because there was no express or implied contract between the parties. For the reasons set forth below, we deny the motion.

## STATEMENT OF FACTS (SOF) FOR PURPOSES OF THE MOTION

1. By letter dated September 1, 2011, appellant submitted a document labeled as a claim to the regional contracting office (RCO) for unpaid training services allegedly provided to I Marine Expeditionary Force (I MEF). Appellant's letter asserts that it "was paid for seven of these services via SF-182 (Certification, Authorization and Validation of Training) contract vehicles. However, the remainder of four training sessions conducted by [appellant] remain unpaid." (R4, tab 1 at 1-4)

2. I MEF conducted an administrative investigation into appellant's allegations. The investigation confirmed that seven training services were properly paid utilizing SF-182s. (R4, tab 2 at 200) The standard operating procedure (SOP) at the time provided that "any requirement under $25,000 was to submit and receive approval on SF-182's and then pay with the Government Commercial Purchase Card (GCPC). It

was also the SOP for any requirement over $25,000 to submit a purchase request to the RCO for approval and award of a contract." (*Id.* at 1) The investigation was unable to locate any SF-182s or contracts for the alleged unpaid training services. However, based on other evidence, the investigation determined that some of the unpaid training services did occur. (*Id.* at 200)

3. The RCO notified appellant that it was ratifying some of the unpaid training services as unauthorized commitments. Regarding the remaining alleged unpaid training services, the RCO stated that it "has found no evidence to support that a government representative made an agreement with you to provide the training on each of those dates or that training occurred. This includes the training dates of April 6-10, 2009 and June 18 through August 15, 2009." (R4, tab 3 at 1-2)

4. By letter dated January 5, 2016, appellant submitted a request to the RCO for the remaining unpaid training services. Appellant requested "a document stating the final disposition regarding [appellant's] request for payment of services completed in FY 2009, including the rationale and investigative findings for disposition decisions." (R4, tab 4 at 1)

5. I MEF conducted another administrative investigation. The investigation concluded that the remaining alleged unpaid training services could not be validated. (R4, tab 6 at 4-5) By letter dated October 31, 2017, the RCO notified appellant that no further actions or payments would be made (R4, tab 7).

6. On January 24, 2018, appellant filed a notice of appeal with the Board alleging that it has not been paid for services provided to I MEF between April 6 and August 15, 2009.

## DECISION

In moving to dismiss for lack of jurisdiction, the government maintains that it has not received a claim from appellant, as defined by FAR 2.101, because no express or implied contract existed between the parties. The government notes that the RCO purposefully did not style its October 31, 2017 letter as a contracting officer's final decision because it did not recognize appellant's request as a valid claim. (Gov't mot. at 6-8)

Appellant argues that the services rendered "were executed to fulfill an 'implied' contract at the minimum, and quite possibly an 'express' contract that was

2

lost by the Government Agency during the long delays to process the SF-182s" (app. reply br. at 1).

Although the government's motion is ostensibly centered on the claim, in essence, it is an allegation that there was no contract. Accordingly, we will review it as such. Appellant bears the burden of establishing the Board's jurisdiction by a preponderance of the evidence. *Reynolds v. Army & Air Force Exchange Service*, 846 F.2d 746, 748 (Fed. Cir. 1988); *Total Procurement Service, Inc.*, ASBCA No. 53258, 01-2 BCA ¶ 31,436 at 155,237. Nevertheless, appellant "need only allege the existence of a contract to establish the Board's jurisdiction under the CDA." *American General Trading & Contracting, WLL*, ASBCA No. 56758, 12-1 BCA ¶ 34,905 at 171,640 (quoting *Engage Learning, Inc. v. Salazar*, 660 F.3d 1346, 1353 (Fed. Cir. 2011)). It "need not prove that either an express or implied-in-fact contract exists. Whether such a contract was formed and breached goes to the merits of the appeal." *Tele-Consultants, Inc.*, ASBCA No. 58129, 13 BCA ¶ 35,234 at 172,994. However, appellant must be able to make a non-frivolous allegation that a contract existed between it and the government. *Leviathan Corporation*, ASBCA No. 58659, 16-1 BCA ¶ 36,372 at 177,294.

The elements of an express and implied-in-fact contract with the government are the same. *Hanlin v. United States*, 316 F.3d 1325, 1328 (Fed. Cir. 2003). Each "requires proof of (1) mutuality of intent, (2) consideration, (3) an unambiguous offer and acceptance, and (4) 'actual authority' on the part of the government's representative to bind the government in contract." *Id.* However, the nature of the evidence establishing the contract will differ. *Id.* "An implied-in-fact contract is one founded upon a meeting of minds and 'is inferred, as a fact, from the conduct of the parties showing, in the light of the surrounding circumstances, their tacit understanding.'" *Id.* (quoting *Balt. & Ohio R.R. v. United States*, 261 U.S. 592, 597 (1923)).

Appellant consistently has asserted that it was contracted to perform training services for I MEF via "SF-182 contract vehicles." The practice of purchasing training by using a GCPC in conjunction with an SF-182 was authorized for commercial training up to $25,000 and was apparently, often utilized by I MEF. (SOF ¶ 2; gov't ex. 12 at 36)

According to an internal Navy memorandum, an SF-182 is not an express contract; rather, it is used to document a training, education and professional development event from a non-government source. (Gov't ex. 13) This is not fatal to appellant's allegation of the existence of a contract, however, because it may have an implied-in-fact contract with the government, even without an express document. Moreover, under appropriate circumstances, "implied actual authority" may be used to bind the government in contract, thus satisfying the fourth element of a contract. *See*

3

*Advanced Team Concepts, Inc. v. United States*, 68 Fed. Cl. 147 (2005); *H. Landau & Co. v. United States*, 886 F.2d 322 (Fed. Cir. 1989). In the present appeal, the SF-182 could be used as evidence to support finding an implied-in-fact contract between the government and appellant. Therefore, we must determine whether appellant has made a non-frivolous allegation of an implied-in-fact contract based on the alleged unpaid training services that were purchased via SF-182s.

The government maintains there was no implied-in-fact contract because after multiple administrative investigations it could not locate any of the alleged SF-182s. Without this documentation the government states that any assertions made to appellant by unit-level personnel that these alleged trainings were authorized via SF-182s would amount to unauthorized commitments. (Gov't mot. at 8)

Review of the record shows that appellant had in fact been properly paid for seven previously funded classes using SF-182s (SOF ¶ 2). The use of an SF-182 to purchase training was authorized by the SOP at the time. While the government may have been unable to locate any SF-182s for the remaining alleged unpaid training services at issue in this appeal, the question of whether these documents and, consequently, an implied-in-fact contract exists goes to the merit of the appeal and does not affect the Board's jurisdiction. Under the circumstances, appellant's allegation that it had an implied-in-fact contract based on alleged training purchased via SF-182s is not frivolous.

We next address appellant's reply brief in which it "acknowledges that the unpaid services represent 'Unauthorized Commitments' at this point in time, since the Standard Form 182s (SF-182s) will probably never be located" (app. reply br. at 1). The government argues that this statement by appellant is an acknowledgement that no documentation exists to support the allegation of an implied-in-fact contract (gov't resp. at 4-5). We do not read appellant's statement as broadly as the government argues. In doing so, we note that appellant is a *pro se* litigant and that typically *pro se* litigants lack knowledge and experience as to pleadings. *MACH II*, ASBCA No. 56630, 10-1 BCA ¶ 34,357 at 169,672. We do not believe appellant intends to argue that the training services provided were both unauthorized commitments and implied-in-fact contracts. First, by definition, an unauthorized commitment cannot be an implied-in-fact contract because a contract requires proof of actual authority to bind the government. More importantly, acknowledging that the training services were unauthorized commitments would divest the Board of jurisdiction over this appeal. We do not believe appellant intended to argue against jurisdiction. If it did, appellant could have submitted a request to withdraw the appeal. Instead, appellant submitted a response to the motion to dismiss indicating that appellant believes the Board has jurisdiction to hear this appeal.

4

## CONCLUSION

Appellant alleges that it was properly retained to perform training services for I MEF via SF-182s that were either lost or destroyed over time. Under the circumstances, appellant's assertion is a non-frivolous allegation of an implied-in-fact contract sufficient to sustain the Board's jurisdiction. Accordingly, the government's motion is denied.

Dated: November 5, 2018

KENNETH D. WOODROW
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

J. REID PROUTY
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 61505, Appeal of Interaction Research Institute, Inc., rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals

5