# .ARMED SERVICES BOARD OF CONTRACT APPEALS

| | | |
|---|---|---|
| Appeal of -- | ) | |
| | ) | |
| Centerra Group, LLC f/k/a The Wackenhut Services, Inc. | ) | ASBCA No. 61267 |
| | ) | |
| Under Contract No. NNA06CD65C | ) | |

APPEARANCES FOR THE APPELLANT: Karen L. Manos, Esq.
Melinda R. Biancuzzo, Esq.
  Gibson, Dunn & Crutcher LLP
  Washington, DC

APPEARANCES FOR THE GOVERNMENT: Scott W. Barber, Esq.
  NASA Chief Trial Attorney
Brian Stanford, Esq.
  Senior Trial Attorney
  NASA Headquarters
  Washington, DC
Paul H. Kim, Esq.
  Trial Attorney
  NASA Ames Research Center
  Moffett Field, CA

## OPINION BY ADMINISTRATIVE JUDGE WOODROW ON THE GOVERNMENT'S MOTION TO DISMISS

Appellant Centerra Group, LLC f/k/a The Wackenhut Services, Inc. (Centerra), appeals from a contracting officer's final decision denying its claim for reimbursement of back pay and related costs arising out of a contract for fire protection services at the National Aeronautics and Space Administration (NASA or government) Ames Research Center in Moffett Field, California.

NASA moves to dismiss the appeal for lack of jurisdiction, alleging that Centerra's claim is foreclosed by the labor standards requirements of Centerra's contract, which vest the U.S. Department of Labor (DOL) with exclusive jurisdiction to entertain disputes concerning labor standards requirements. Centerra opposes. We deny the government's motion.

## STATEMENT OF FACTS (SOF) FOR PURPOSES OF THE MOTION

1. Centerra and the government are parties to Contract No. NNA06CD65C (the contract) (R4, tab 1).

2. The contract was awarded on June 28, 2006, for fire protection and related services at NASA Ames Research Center in Moffett Field, California (R4, tab 1).

3. The contract incorporates the standard Federal Acquisition Regulation (FAR) clauses applicable to a cost-reimbursement service contract, including among others: FAR 52.216-7, ALLOWABLE COST AND PAYMENT (DEC 2002); and FAR 52.222-41, SERVICE CONTRACT ACT OF 1965, AS AMENDED (JUL 2005) (R4, tab 1 at 29-30).

4. FAR 52.222-41(t) provides:

> *Disputes Concerning Labor Standards.* The U.S. Department of Labor has set forth in 29 CFR Parts 4, 6, and 8 procedures for resolving disputes concerning labor standards requirements. Such disputes shall be resolved in accordance with those procedures and not the Disputes clause of this contract. Disputes within the meaning of this clause include disputes between the Contractor (or any of its subcontractors) and the contracting agency, the U.S. Department of Labor, or the employees or their representatives.

5. The contract incorporates by reference FAR 52.233-1, DISPUTES (JUL 2002) (R4, tab 1 at 30).

6. The contract, as initially awarded, incorporated a Collective Bargaining Agreement (CBA) between SecTek, Inc. and the Moffett Field Firefighters Association Local I-79 (MFFA or union), dated June 3, 2005. As the successor contractor to SecTek, Centerra was obligated by both the DOL Wage Determination incorporated in the contract and FAR 52.222-41(f) to pay its employees the wages and fringe benefits as set forth in the SecTek CBA. (R4, tab 2 at 3)

7. The CBA entitles the union to arbitrate grievances (R4, tabs 1-6), and provides that binding arbitration is the exclusive mechanism for resolving disputes concerning wages and benefits under the agreement (R4, tab 2 at 9-13, tab 3 at 9-12).

8. The relevant CBA was incorporated in the contract by Modification No. 8, dated July 27, 2007 (R4, tab 2); Modification No. 9, dated September 5, 2007 (R4, tab 3); Modification No. 44, dated August 19, 2010 (R4, tab 4); Modification No. 48,

2

dated November 24, 2010 (R4, tab 5); and Modification No. 92, dated December 16, 2013 (R4, tab 6).

9. On June 14, 2014, the MFFA presented a written grievance alleging that Centerra violated the Fair Labor Standards Act (FLSA) by failing to pay overtime compensation for work performed by MFFA members employed to provide fire protection and related services at the NASA Ames Research Center (R4, tab 7 at 1).

10. The parties met, but were unable to resolve the grievance, and on June 19, 2015, the MFFA submitted the grievance to arbitration pursuant to the CBA. The arbitrator concluded that the CBA's overtime provisions are contrary to the FLSA. (R4, tab 7 at 1, 65)

11. On February 27, 2016, the arbitrator awarded the MFFA members $2,702,254 in back pay from June 19, 2010 through July 20, 2015 (the maximum statutory period), $2,182,732 in liquidated damages for the same period, and $238,199 in interest (R4, tab 8 at 61).

12. Centerra appealed the arbitration decision to the U.S. District Court for the Northern District of California. On March 31, 2017, the district court upheld the arbitrator's decision and awarded the MFFA members $2,702,254 in back pay; $2,182,732 in liquidated damages for the same period, and $238,199 in interest; $254,655 in attorneys' fees; and $24,271.46 in costs. The court remanded to the arbitrator the MFFA's request for additional attorneys' fees in an amount of $155,189.93 and post-award interest of $56,211.49. The total for the award, plus the MFFA's asserted post-award costs, is $5,613,514.88. (R4, tab 12)

13. On April 7, 2017, Centerra submitted to the NASA contracting officer (CO) a certified claim for reimbursement under the contract in the amount of $6,184,910.13 in back pay and related costs that Centerra incurred as the result of the arbitrated grievance filed by the unionized firefighters working on the contract (R4, tab 13). This amount included:

| Arbitration award | $5,402,111.46 |
| Interest from date of award until date of district court judgment | $56,211.49 |
| Attorneys' fees and costs from award until district court judgment | $155,189.93 |
| Additional attorneys' fees and costs since district court judgment | $364,674.82 |
| Payroll taxes upon payment of back pay | $206,722.43 |
| **Total Amount of Claim** | $6,184,910.13 |

3

14. By letter dated May 22, 2017, the CO issued a written determination denying Centerra's certified claim. The letter stated, in part:

> It is my Determination, as the Contracting Officer, that it is premature for Centerra to seek reimbursement from the United States Government for any such costs and penalties prior to Centerra obtaining a final determination from the U.S. Department of Labor, and, concomitantly, it would be premature for me to evaluate and determine the underlying merits of this claims, or lack thereof. Consequently, this claim is denied.

(R4, tab 14)

15. On August 2, 2017, appellant timely filed a notice of appeal.

16. DOL has not been asked to render a final determination in connection with the Union's grievance.

## DECISION

The government moves for dismissal of appellant's claim for reimbursement of back pay on the grounds that it falls within the exclusive jurisdiction of the DOL. Pursuant to FAR 52.222-41(t), DOL, not the Board, possesses jurisdiction to entertain "disputes concerning labor standards requirements." According to the government, labor standards for federal service contracts include matters involving overtime compensation for service employees (gov't br. at 2 (citing 29 C.F.R. § 4.180)). Therefore, pursuant to FAR 52.222-41(t), appellant's claim falls within DOL's exclusive jurisdiction and this Board is without jurisdiction to entertain appellant's claim under the contract's Disputes clause.

In response, Centerra contends that the dispute before the Board is not over the labor standards requirements applicable to the contract, but over the government's obligation to reimburse appellant for costs incurred pursuant to an arbitration award under a CBA with its unionized employees. According to appellant, any dispute involving "labor standards requirements" already has been resolved in favor of the unionized employees, and the only remaining question is whether NASA must reimburse appellant for the costs it has incurred pursuant to the arbitration award (app. opp'n at 5). In a sur-reply brief filed after briefing closed, appellant offers an alternative argument, contending that the dispute concerning overtime pay is not a "dispute[] concerning labor standards requirements" within the scope of FAR 52.222-41(t).

We hold that we possess jurisdiction to entertain the appeal.

4

## STANDARD OF REVIEW

We review the government's motion to dismiss for lack of jurisdiction pursuant to the standards of FED. R. CIV. P. 12(b)(1). *L-3 Communications Integrated Sys., L.P.,* ASBCA Nos. 60713, 60716, 17-1 BCA ¶ 36,865 at 179,624 (applying Rule 12(b)(1) because Board may look to Federal Rules of Civil Procedure for guidance where Board's rules are silent).

When a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(1) denies or controverts allegations of jurisdiction, only uncontroverted factual allegations are accepted as true for purposes of the motion, and other facts underlying the jurisdictional allegations are subject to fact-finding based on the Board's review of the record. *Cedars-Sinai Medical Center v. Watkins,* 11 F.3d 1573, 1583-84 (Fed. Cir. 1993); *CCIE & Co.,* ASBCA Nos. 58355, 59008, 14-1 BCA ¶ 35,700 at 174,816.

Centerra, as the proponent of the Board's jurisdiction, bears the burden of proving the Board's subject matter jurisdiction by a preponderance of the evidence. *Reynolds v. Army & Air Force Exchange Service,* 846 F.2d 746, 748 (Fed. Cir. 1988); *United Healthcare Partners, Inc.,* ASBCA No. 58123, 13 BCA ¶ 35,277 at 173,156. For the Board to possess jurisdiction under the Contract Disputes Act (CDA) 41 U.S.C. §§ 7101-7109, Centerra must establish that: (1) it has submitted in writing a valid claim to the CO; and, (2) the CO has issued a final decision or deemed denial. *K-Con Bldg. Sys., Inc.,* 778 F.3d 1000, 1005 (Fed. Cir. 2015); 41 U.S.C. § 7103; *ECC CENTCOM Constructors, LLC,* ASBCA No. 60647, 18-1 BCA ¶ 37,133.

## DISCUSSION

This appeal does not involve a "dispute[] concerning labor standards requirements" as that term is used in FAR 52.222-41(t). That is because the underlying labor dispute – which concerns entitlement to overtime pay under the CBA – is not subject to the procedures set forth at 29 C.F.R. parts 4, 6, and 8 and is outside the scope of FAR 52.222-41(t). Moreover, even if FAR 52.222-41(t) did apply, there is no basis to conclude that the Board's jurisdiction is premature, because the underlying labor dispute already has been resolved pursuant to the terms of the CBA. In the absence of an underlying labor dispute, FAR 52.222-41(t) is not implicated and any remaining dispute (including entitlement to reimbursement for allowable costs pursuant to FAR 52.216-7) is subject to the contract's Disputes clause.

I. FAR 52.222-41(t) Does Not Apply to this Appeal

The contract in this appeal contains various clauses that required Centerra to comply with the Service Contract Act (SCA), 41 U.S.C. §§ 6701-6707 including in particular FAR 52.222-41, which is at the center of the government's motion. Pursuant to the SCA, DOL sets the prevailing wages and fringe benefits that must be paid

5

non-exempt service workers on U.S. Government service contracts such as the contract at issue in these appeals. 41 U.S.C. § 6702(a) (defining contracts subject to the SCA). CBAs negotiated by a contractor and accepted by DOL take the place of any prevailing wage determination issued by DOL. *See* 41 U.S.C. § 6703(a)(1) (wages are set by CBA in covered contracts). Thus, the economic terms and conditions of the CBAs, including those provisions that regulate wages and fringe benefits, become the wage determination under the SCA. *See* 41 U.S.C. §§ 6703(a)(1), (a)(2), 6707(c); *also* 29 C.F.R. § 4.163(a).

NASA contends that overtime pay falls within the definition of "wages and fringe benefits" in the SCA and is, therefore, within the scope of FAR 52.222-41(t) (gov't br. at 2 (citing 29 C.F.R. § 4.180))*. Centerra, in its sur-reply, disputes this conclusion, arguing that the full text of 29 C.F.R. § 4.180 makes clear that overtime pay is not covered by the SCA. According to Centerra, the union's grievance involving the failure to pay overtime hours is based on an alleged violation of the FLSA and is not subject to the procedures of the rules implementing the SCA at 29 C.F.R. parts 4, 6, or 8. Thus, Centerra reasons, FAR 52.222-41(t) is not applicable. (App. sur-reply br. at 2)

We agree with Centerra's interpretation of 29 C.F.R. § 4.180. The opening sentence of § 4.180 states that the "[SCA] does not provide for compensation of covered employees at premium rates for overtime hours of work." The remainder of § 4.180 addresses how fringe benefits are to be treated in calculating overtime pay pursuant to the Fair Labor Standards Act (FLSA). This comports with the language of the SCA itself, which focuses on the minimum wages and fringe benefits afforded service workers under federal contracts. The sole mention of overtime pay in the SCA addresses the exclusion of fringe benefits from the calculation of overtime pay, not the entitlement to overtime pay. 41 U.S.C. § 6707(e).

It is telling that the specific regulatory provisions referenced in FAR 52.222-41(t) do not address overtime wages. Part 4 of 29 C.F.R. addresses labor standards for federal service contracts, while parts 6 and 8 set forth the rules of practice for administrative proceedings and administrative review boards. Nothing in parts 4, 6, and 8 of 29 C.F.R. addresses entitlement to overtime pay, nor do they create a remedy to enforce a claim for overtime pay. Instead, as set forth in 29 C.F.R. § 4.180, "other Federal laws may require such compensation to be paid to employees working on or in connection with contracts subject to the [SCA]."

Therefore, because the unionized employees have no administrative remedy to enforce their claim for overtime pay under the SCA, and FAR 52.222-41(t) only

---

* Note that 29 C.F.R. part 4 is explicitly made applicable to labor disputes in the contract under the terms of FAR 52.222-41(t).

6

precludes us from considering disputes that are under the ambit of the SCA, this provision has no applicability to the underlying labor dispute in this appeal.

## II. Even if FAR 52.222-41(t) Applied, this Appeal is Not Premature

Because the employees' overtime pay dispute has been fully and finally resolved pursuant to the arbitration provisions of the CBA, there is no need for a final DOL ruling on overtime pay. The CBA between NASA and the MFFA is incorporated into the contract at issue in this appeal (SOF ¶ 8). The CBA provides that binding arbitration is the exclusive mechanism for resolving disputes concerning wages and benefits under the agreement (SOF ¶ 7). Here, the binding arbitration has concluded and the district court upheld the arbitrator's decision and awarded the MFFA members back pay (SOF ¶ 12).

The union employees' overtime dispute has been finally resolved pursuant to the terms of the CBA and there is no remaining role for DOL. In the absence of an underlying labor dispute, FAR 52.222-41(t) is not implicated and any remaining dispute (including entitlement to reimbursement for allowable costs pursuant to FAR 52.216-7) is subject to the contract's Disputes clause.

*Burnside-Ott Aviation Training Center, Inc. v. United States*, 985 F.2d 1574 (Fed. Cir. 1993), supports this conclusion. There the Federal Circuit held that CDA jurisdiction exists when "a dispute centers on the parties' mutual contract rights and obligations,...even though matters reserved to and decided exclusively by the [DOL] are part of the factual predicate." 985 F.2d at 1580 (quoting *Emerald Maintenance Inc.*, ASBCA Nos. 36628, 36632, 88-3 BCA ¶ 21,103 at 106,532); *see also Aleman Food Servs. v. United States*, 25 Cl. Ct. 201, 208 (1992) (stating that the claims court has jurisdiction where resolution of dispute requires examination of contract provisions and the DOL's determinations form only part of the factual predicate).

In *Burnside-Ott*, the contractor challenged the DOL's wage rate determination and received a final determination from the Secretary of Labor. After accepting the determination and paying its workers the higher wages, the contractor sought reimbursement for those wages as an equitable adjustment to its contract. The court held that the DOL's ruling formed only part of the factual predicate of the contractor's claims and that the claims court possessed jurisdiction to determine whether the contractor was entitled to reimbursement pursuant to the contract. 985 F.2d at 1580.

This appeal is factually similar. Here, Centerra challenged the arbitrator's award and received a final ruling in federal district court enforcing the award. As in *Burnside-Ott*, there is nothing left for DOL to resolve. Indeed, as in *Burnside-Ott*, the underlying labor dispute forms only part of the factual predicate for Centerra's claim – the remaining factual issues concern whether Centerra's costs can be recovered as allowable costs under the terms of the contract.

7

NASA attempts to distinguish *Burnside-Ott* on the grounds that this case lacks the factual predicate of a final DOL ruling (gov't reply br. at 2-3). However, as we previously explained, the final arbitration ruling on overtime compensation is equivalent to a final ruling from DOL, because DOL has approved the CBA and the dispute resolution mechanism incorporated into the CBA.

For the same reason, NASA's reliance on *MMC Construction, Inc./Rockford Corp., J.V. & Aleutian Constrs. J.V.*, and *Hunt Building, Co.* fails. *MMC Construction* stands for the uncontroversial proposition that the Board possesses jurisdiction only after DOL's wage determination administrative process has been completed. ASBCA No. 50863 *et al.*, 99-1 BCA ¶ 30,322 at 149,954. *Hunt Building*, like *MMC Construction*, holds that there must be a final DOL ruling on labor standards before the Board possesses jurisdiction. *Hunt Bldg.*, ASBCA No. 55157, 06-1 BCA ¶ 33,213 at 164,598.

In this appeal, because Centerra does not seek a wage determination or other ruling on labor standards, there is no relevant DOL administrative process to complete and, tellingly, NASA has identified nothing that it is waiting for.

## CONCLUSION

For these reasons, NASA's motion to dismiss is denied.

Dated: November 16, 2018

KENNETH D. WOODROW
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

I concur

RICHARD SHACKLEFORD
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

J. REID PROUTY
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 61267, Appeal of Centerra Group, LLC f/k/a The Wackenhut Services, Inc., rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals

9