NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ALEKSANDR BIBLE,**

*Plaintiff-Appellant*

**v.**

**UNITED STATES,**

*Defendant-Appellee*

---

2019-1799

---

Appeal from the United States Court of Federal Claims in No. 1:18-cv-01309-MMS, Chief Judge Margaret M. Sweeney.

---

Decided: November 8, 2019

---

ALEKSANDR BIBLE, San Pedro, CA, pro se.

ROBERT JOEL BRANMAN, Tax Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by THOMAS J. CLARK, RICHARD E. ZUCKERMAN.

---

Before REYNA, TARANTO, and STOLL, *Circuit Judges.*

PER CURIAM.

Aleksandr Bible appeals a decision from the Court of Federal Claims dismissing Bible's complaint for lack of subject matter jurisdiction.  Bible's complaint alleged that the United States improperly offset his federal income tax refund to pay a debt Bible purportedly owed to the State of California.  Because the court correctly determined that it lacked subject matter jurisdiction over the claim in Bible's complaint, we *affirm*.

## BACKGROUND

On March 12, 2014, the California Superior Court determined that the California Employment Development Department ("EDD") had overpaid Bible's unemployment benefits, and the court entered judgment that Bible owed the State $6,317.71.  After receiving notice of Bible's unemployment compensation debt from the EDD, the United States Department of the Treasury Bureau of Fiscal Services ("Treasury") reduced (or "offset") Bible's federal income tax refunds from 2015, 2016, and 2017.

Section 6402(f) of the Internal Revenue Code ("I.R.C.") provides that, "[u]pon receiving notice from any State that a named person owes a covered unemployment compensation debt to such State, the Secretary of the Treasury shall" take the following three steps:

(A) reduce the amount of any overpayment payable to such person by the amount of such covered unemployment compensation debt;

(B) pay the amount by which such overpayment is reduced under subparagraph (A) to such State and notify such State of such person's name, taxpayer identification number, address, and the amount collected; and

(C) notify the person making such overpayment that the overpayment has been reduced by an

> amount necessary to satisfy a covered unemployment compensation debt.

I.R.C. § 6402(f)(1); *see also id.* § 6402(f)(4). In the next subsection, Congress expressly prohibited federal judicial review of such reductions:

> No court of the United States shall have jurisdiction to hear any action, whether legal or equitable, brought to restrain or review a reduction authorized by subsection (c), (d), (e), or (f). . . . No action brought against the United States to recover the amount of any such reduction shall be considered to be a suit for refund of tax.

*Id.* § 6402(g).

After Treasury offset Bible's federal income tax refund and paid the State of California, Bible filed suit pro se in the United States Court of Federal Claims ("Claims Court"). Bible's complaint alleged that Treasury improperly offset his tax refunds to pay his debt to the EDD. Bible alleged that Treasury's offset was improper because Bible was not overpaid by the EDD in the first place.

The Government moved to dismiss Bible's complaint for lack of subject matter jurisdiction. The Claims Court granted the motion and held that "the jurisdictional bar imposed by I.R.C. § 6402(g) applies squarely to Mr. Bible's complaint, and the court lacks jurisdiction to hear his claim." J.A. 4.

Bible timely appealed. We have jurisdiction under 28 U.S.C. § 1295(a)(3).

## DISCUSSION

Subject matter jurisdiction is a threshold issue that courts must address before they consider the merits of a case. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998); *Fisher v. United States*, 402 F.3d 1167, 1173 (Fed. Cir. 2005). We review de novo a dismissal for lack of

subject matter jurisdiction. *Coast Prof'l, Inc. v. United States*, 828 F.3d 1349, 1354 (Fed. Cir. 2016).

In determining whether subject matter jurisdiction exists, the court generally "must accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff." *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011). On a motion to dismiss for lack of subject matter jurisdiction, the plaintiff bears the burden of proving, by a preponderance of the evidence, that the court possesses jurisdiction. *Id.* While pro se pleadings are to be liberally construed, that does not alleviate a plaintiff's burden to establish jurisdiction. *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988).

The Tucker Act limits the jurisdiction of the Claims Court to claims against the United States that are "founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1).

Here, we agree that the Claims Court did not have jurisdiction over Bible's claim that Treasury improperly offset his federal income tax returns. Bible did not challenge the Internal Revenue Service's determination of his federal income tax refund, nor did Bible challenge the California judgment as an unenforceable debt. Bible's complaint did not allege that his debt to California fell outside of I.R.C. § 6402(f) or that Treasury failed to comply with other requirements of § 6402. Instead, Bible only challenges Treasury's decision to offset his federal income tax refund by the amount owed to EDD—a decision mandated by statute and for which Congress has expressly barred judicial review. I.R.C. § 6402(f), (g).

Bible's complaint does not allege any other cause of action. We therefore agree with the Claims Court that Bible

failed to meet his burden to establish subject matter jurisdiction.

## CONCLUSION

For these reasons, we *affirm* the Claims Court's dismissal of Bible's complaint for lack of subject matter jurisdiction.

## **AFFIRMED**

### COSTS

No costs.