NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**REGINA WINTERS,**

*Claimant-Appellant*

**v.**

**ROBERT WILKIE, SECRETARY OF VETERANS AFFAIRS,**

*Respondent-Appellee*

---

2020-1678

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 17-1581, Senior Judge William A. Moorman.

---

Decided:  September 8, 2020

---

REGINA WINTERS, Albuquerque, NM, pro se.

CHRISTOPHER L. HARLOW, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee.  Also represented by ETHAN P. DAVIS, TARA K. HOGAN, ROBERT EDWARD KIRSCHMAN, JR.; BRANDON A. JONAS, Y. KEN LEE, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

———————————————

Before REYNA, CLEVENGER, and CHEN, *Circuit Judges*.

PER CURIAM.

Pro se Appellant Regina Winters, widow of United States Army veteran Arthur L. Winters, appeals the January 10, 2020, decision of the United States Court of Appeals of Veterans Claims affirming a denial of Mrs. Winters's claim that her deceased husband was entitled to an earlier effective date for his special monthly compensation award and that she was entitled to accrued benefits. We are statutorily prohibited from reviewing the Veterans Court's factual determinations or its application of law to particular facts. 38 U.S.C. § 7292(d)(2). Because Mrs. Winters's appeal involves only the application of law to facts, we lack jurisdiction over Mrs. Winters's case, and dismiss this appeal.

## BACKGROUND

Mrs. Winters is the widow of the late Arthur L. Winters. Mr. Winters served on active duty in the United States Army from November 1940 to September 1945. J.A. 9. While in service, he was a prisoner of war of the German government from 1943 to 1945. *Id.* During his lifetime, he was granted compensation for several service-connected disabilities, and he had claims pending before the United States Department of Veterans Affairs when he died in December 2011. *Id.* Following his death, Mrs. Winters continued to pursue his pending claims as a substituted claimant. *Id.*

On April 5, 2017, the Board of Veterans Appeals ("Board") denied entitlement to an earlier effective date for special monthly compensation ("SMC"). J.A. 8–22. In its decision, the Board found that the evidence put forth by Mrs. Winters did not satisfy the statutory requirements for an effective date prior to September 9, 2011, for SMC.

J.A. 17; *see also* 38 U.S.C. § 1114(s).  The Board also found that the evidence submitted to establish the SMC criteria concerning the "need [for] regular aid and attendance" was not sufficient for purposes of establishing entitlement to an earlier effective date.  J.A. 19; *see also* 38 C.F.R. § 3.352(a); 38 U.S.C. § 1114(l).  Because the Board denied the earlier effective date, Mrs. Winters's pending claim for accrued benefits also failed.  *See* 38 U.S.C. § 5121(a).

The United States Court of Appeals of Veterans Claims ("Veterans Court") affirmed the Board's decision on January 10, 2020, finding no basis to conclude that the Board's application of the law to the facts of the case was in error or inadequate.  J.A. 1–7.  Mrs. Winters appeals the Veterans Court's decision.

## ANALYSIS

Our jurisdiction to review decisions by the Veterans Court is limited by 38 U.S.C. § 7292.  We have jurisdiction "to review and decide any challenge to the validity of any statute or regulation or any interpretation thereof . . . and to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision."  38 U.S.C. § 7292(c).  But we lack jurisdiction to "review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case," unless those challenges present constitutional issues. 38 U.S.C. § 7292(d)(2).  While pro se pleadings are to be liberally construed, the pro se plaintiff must nonetheless establish jurisdiction.  *See Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988).

In her opening brief, Mrs. Winters asserts–and we agree–that there are no legal or constitutional challenges in her appeal.  App. Inf. Br. at 1.  Rather, Mrs. Winters challenges the Veterans Court's decision to affirm the Board's application of the law to the facts of her case in denying her claims for an earlier effective date for SMC and accrued benefits.  Because Mrs. Winters asks this

court to review the application of law to facts, we lack jurisdiction to hear this appeal.

## CONCLUSION

Mrs. Winters's appeal challenges the Veterans Court's decision to affirm the Board's application of law to Mrs. Winters's particular case. Under 38 U.S.C. § 7292(d)(2), we may not consider these challenges. We must therefore dismiss this appeal.

## **DISMISSED**

### COSTS

No costs.