ARMED SERVICES BOARD OF CONTRACT APPEALS

| | | |
|---|---|---|
| Appeals of - | ) | |
| | ) | |
| DiNapoli-Warren, LLC | ) | ASBCA Nos. 63143, 63144 |
| | ) | |
| Under Contract No. SP8000-11-L-0500 | ) | |

APPEARANCE FOR THE APPELLANT:       John I. Bolton, Esq.
                                      Innovative Counsel Group
                                      Westport, CT

APPEARANCES FOR THE GOVERNMENT:     Daniel K. Poling, Esq.
                                      Chief Trial Attorney
                                    Lt Col Grant T. Wahlquist, USAF
                                    Bernal Rodriguez, Esq.
                                      Trial Attorneys
                                      Defense Logistics Agency

OPINION BY ADMINISTRATIVE JUDGE WITWER
ON GOVERNMENT'S MOTION TO DISMISS

These appeals involve a lease for real estate at the former Warren Depot in Ohio. Appellant, DiNapoli-Warren, LLC (DW), seeks monetary damages resulting from the government's failure to vacate the depot after the expiration of the lease. DW also seeks monetary damages resulting from the government's failure to restore or repair buildings at the depot. Respondent, the Defense Logistics Agency (DLA or government), moves to dismiss these appeals for lack of subject matter jurisdiction, contending that appellant has not submitted a claim in accordance with the Contract Disputes Act (CDA), 41 U.S.C. §§ 7101-7109. DLA's motion to dismiss is granted.

STATEMENT OF FACTS FOR PURPOSES OF THE MOTION

For purposes of this motion, we accept as true the following facts, most of which are culled from appellant's complaint.

In April 2009, the government entered into a lease with American Premier Underwriters, Inc.[1]  (Complaint ("compl.") ¶ 27; R4, tab 1 at 1; gov't mot. at 3)

---

[1] The government entity listed on lease is the Defense National Stockpile Center (R4, tab 1 at 1), a component within DLA. DLA explains that the Defense National Stockpile Center was created in 1988 to manage raw materials critical to national security (gov't mot. at 2). DLA further explains that, in 2011, the component was

The lease provided that the Warren Depot would be used for storage of National Defense Stockpile material (R4, tab 1 at 1). In August 2010, appellant assumed the lease from American Premier Underwriters. (Compl. ¶ 5; R4, tab 23 at 46; gov't mot. at 4)

The lease expired on March 31, 2014. (Compl. ¶ 19; R4, tab 20 at 4; gov't mot. at 7) The parties negotiated a one-month extension (compl. ¶ 19; R4, tab 11; tab 20 at 4; gov't mot. at 7), but were unable to negotiate any additional extensions to the lease. As a result, starting at the end of April 2014, DLA became a holdover tenant. (Compl. ¶ 23; gov't mot. at 7) DLA vacated the Warren Depot sometime in December 2015. (R4, tab 20 at 3; gov't mot. at 8)

On December 31, 2021, DW filed a complaint with the Board asserting two independent grounds for monetary relief (compl. at 9). First, DW seeks an "approximated range of $488,734.48 [to] $394,576.82" in rent arrears resulting from DLA's failure to vacate the depot after the expiration of the lease (*id.* ¶¶ 5-24). DW refers to this as the "rent arrearage" ground. Second, DW seeks damages that "exceed $20,000,000" resulting from DLA's failure to maintain the buildings at the depot in a tenantable condition (*id.* ¶¶ 25-64). DW refers to this as the "physical damage" ground. We docketed the former ground as ASBCA No. 63143 (rent arrearage appeal) and the latter ground as ASBCA No. 63144 (physical damage appeal).

On March 9, 2022, DLA moved to dismiss the appeals for lack of jurisdiction, arguing that DW failed to submit a certified claim to the contracting officer. On March 14, the Board ordered DW to respond to DLA's motion within 30 days. When DW failed to respond, the Board issued a second order on May 20, affording DW an additional 14 days to respond to the motion. Again, DW failed to respond. Finally, on July 7, the Board contacted DW to confirm that a response had not been submitted to the Board. Once again, DW did not respond within the time afforded. On July 19, counsel for DW communicated with Board staff, indicating that he believed that DW's failure to respond to orders and correspondence from the Board might be justified. Accordingly, on July 21, the Board issued an order providing DW seven days to submit a motion for leave to file a response to the government's motion to dismiss. Appellant did not submit any such motion. Having afforded DW many opportunities to respond, we decide this matter without its input.

renamed as "DLA Strategic Materials." (*Id.*; *see also* R4, tab 20 at 3 n.2) The original lease number was No. SP8000-09-L-0001. (Compl. ¶ 5; R4, tab 1; gov't mot. at 4) In April 2011, DLA issued a modification redesignating the lease as No. SP8000-11-L-0500. (R4, tab 3; tab 20 at 4; gov't mot. at 4) The modification also reflects the name change of the government lessee.

DECISION

As the proponent of this Board's jurisdiction, appellant bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence. *Reynolds v. Army & Air Force Exchange Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988); *Sweet Star Logistic Serv.*, ASBCA No. 62082, 20-1 BCA ¶ 37,704 at 183,045. Pursuant to the CDA, the Board's jurisdiction is predicated on a contractor's submission of a claim to the contracting officer for decision. 41 U.S.C. § 7103(a)(1).

The CDA does not define the term "claim." Rather, we look to the Federal Acquisition Regulation (FAR), which defines a claim as "a written demand or written assertion by one of the contracting parties seeking, as a matter of right, the payment of money in a sum certain, the adjustment or interpretation of contract terms, or other relief arising under or relating to the contract." FAR 2.101; *Sweet Star Logistic Serv.*, 20-1 BCA ¶ 37,704 at 183,045. For any claim that exceeds $100,000, the contractor must certify that: (a) the claim is made in good faith; (b) the supporting data are accurate and complete to the best of the contractor's knowledge and belief; (c) the amount requested accurately reflects the contract adjustment for which the contractor believes the government is liable; and (d) the certifier is authorized to certify the claim on behalf of the contractor. 41 U.S.C. § 7103(b). A purported contractor claim in excess of $100,000 does not become a claim under the CDA until it is certified as required by statute. FAR 2.101.

Once the contractor submits a certified claim to the contracting officer, the CDA provides that the contracting officer shall issue a decision within 60 days or notify the contractor of the time within which a decision will be issued. 41 U.S.C. § 7103(f)(2). The contractor may file an appeal of the contracting officer's final decision with the Board within 90 days after receipt of the final decision, or after a deemed denial if the contracting officer fails to issue a decision. *Id.* §§ 7103(f)(5), 7104(a).

As our reviewing court has held, a valid claim and a contracting officer's decision are prerequisites for our jurisdiction. *Securiforce Int'l Am., LLC v. United States*, 879 F.3d 1354, 1359 (Fed. Cir. 2018); *M. Maropakis Carpentry, Inc. v. United States*, 609 F.3d 1323, 1327 (Fed. Cir. 2010). "[W]here there is no claim, there can be no effective decision from which to appeal." *Sweet Star Logistic Serv.*, 20-1 BCA ¶ 37,704 at 183,045 (quoting *Mawaraa AlBihar Co.*, ASBCA No. 58585, 13 BCA ¶ 35,426 at 173,783). We dismiss the above-captioned appeals because we conclude that DW failed to submit a certified claim to the contracting officer and obtain a final decision before filing its appeals.

3

Rent Arrearage Appeal (ASBCA No. 61343)

In its motion, DLA contends that DW has not submitted a certified claim for the monetary damages it seeks in the rent arrearage appeal. Indeed, in the complaint, DW does not identify a claim or contracting officer's final decision giving rise to the rent arrearage appeal. Instead, in its complaint, DW includes a vague reference to "claims," but does not identify the dates of the purported claims or provide copies. (Compl. ¶ 18 ("There exist claims for a rent arrearage due and owing from the DLA to DW for a sum representing the disparity of rent paid during the period of DLA's holdover tenancy resulting from a failure to account for the fair market value for use and occupancy of the Lessor/Appellant's property.")) Without more, DW's vague reference to "claims" does not satisfy its burden to establish our jurisdiction over the appeal.

Additionally, there is other language in the complaint that leads us to conclude that DW has not submitted a claim. Specifically, DW states in the complaint:

> *A formal claim for a determination of DW's rights and remedies is currently being made by way of this correspondence* to the presiding Contracting Officer assigned to this matter pursuant to 41 U.S.C. §§ 7101-7109 in that DW is claiming a rent arrearage in the approximate amount of $244,367.24 - $197,288.41 for both months of February 2014 and March 2014 for a total sum currently due and owing from the DLA to DW in the approximated range of $488,734.48 - $394,576.82.

(Compl. ¶ 21) (emphasis added) We construe this language as a concession that DW has not previously submitted a claim nor received a final decision from the contracting officer. This language suggests that DW may intend for its complaint to serve as its claim. To the extent DW takes this position, it is unavailing. We lack jurisdiction over claims raised during our adjudication of an appeal, whether in a complaint or otherwise, that were not first submitted to the contracting officer for decision in the form of a qualifying claim under the CDA. *See e.g., Scot Cardillo dba Engineers Tooling Support*, ASBCA No. 62051, 22-1 BCA ¶ 38,153 at 185,299 (citing cases).[2]

_____

[2] We also note that the complaint does not include a sum certain, as required by the FAR. *See e.g., High-Tech Launderette LLC*, ASBCA No. 62259, 20-1 BCA ¶ 37,539 at 182,287-288 (finding language in claim requesting monetary damages "[of] approximately $150,000," "in excess of $150,000," or "[of] a minimum of $150,000" to be qualified and, therefore, not a sum certain); *Joseph Sottolano*, ASBCA No. 59777, 15-1 BCA ¶ 35,970 at 175,735 (holding claim for "approximately $11,000" did not constitute sum certain). Nor is the complaint certified, as required by the CDA, further bolstering our conclusion that the complaint is not a qualifying claim.

In short, because appellant failed to submit a certified claim to the contracting officer (and obtain a final decision) before filing its appeal, we lack jurisdiction over appellant's rent arrearage appeal. *Vox Optima, LLC*, ASBCA No. 62313, 20-1 BCA ¶ 37,625 at 182,660 (citing *M. Maropakis Carpentry, Inc.*, 609 F.3d at 1327-29).

Physical Damage Appeal (ASBCA No. 63144)

DLA also moves to dismiss the physical damage appeal, contending that DW has not submitted a certified claim for the monetary damages it seeks. Here, too, DW fails in its complaint to identify a claim or contracting officer's final decision giving rise to the physical damages appeal. Instead, DW suggests, once again, that it intends for the complaint to serve as its claim. In this regard, the complaint provides:

> *Accordingly, Lessor brings this claim for breach of contract*, seeking a declaration that the government has breached the terms of the lease requiring DLA to return the Buildings to Lessor in good working order.

(*Id.* at ¶ 26) (emphasis added)  The complaint further provides:

> *As a matter of right, Lessor seeks a Contracting Officer's Final Decision* AND NOT the arbitrary, capricious, vague, and ambiguous missive of June 2016 stating the invalidity of the claim.

(Compl. ¶ 25) (emphasis added).  For the reasons detailed above, DW's complaint is not a qualifying claim for purposes of our jurisdiction.

As a final point, in the complaint language quoted above, DW references a "missive of June 2016" invalidating a "claim." DW fails to further identify the missive or the claim to which it refers. DLA, however, fills in the factual gap. DLA explains that, on March 28, 2016, DW submitted a "Claim for Declaratory Relief" to the contracting officer and that, on June 14, 2016, the contracting officer responded to the claim (gov't mot. at 8-12).[3] DLA furnished a copy of both documents to us as part of its Rule 4 file (*see* R4, tabs 20 and 22). DW's March 2016 claim seeks a declaration that the government "breached the terms of the Lease by failing to maintain the buildings the government occupied under the lease" (R4, tab 20 at 1). The claim does not seek monetary damages and, for this reason, we conclude the March 2016 claim is not relevant

---

[3] In the June 2016 letter, the contracting officer stated, among other things, that she declined to issue a final decision because "no proper claim has been submitted under the Contract Disputes Act" (R4, tab 22 at 1). The parties both represent that the contracting officer's June 2016 letter is not a final decision. (Compl. ¶ 4; gov't mot. at 2)

to the physical damages appeal pending before us, which expressly seeks monetary damages.[4]  We also note that DW does not allege that it is appealing the denial of its March 2016 claim in this matter.

In sum, like the rent arrearages appeal, we dismiss DW's physical damage appeal because DW failed to submit a certified claim to the contracting officer before filing its appeal.

CONCLUSION

These appeals are dismissed without prejudice for lack of jurisdiction.

Dated:  August 4, 2022

ELIZABETH WITWER
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

OWEN C. WILSON
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

---

[4] Although DW references declaratory relief in the complaint (*see* compl. ¶¶  25, 26), when read in context, we do not find DW seeks declaratory relief from the Board as part of its appeal.

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA Nos. 63143, 63144, Appeals of DiNapoli-Warren, LLC, rendered in conformance with the Board's Charter.

Dated:  August 9, 2022

PAULLA K. GATES-LEWIS
Recorder, Armed Services
Board of Contract Appeals